OFFICE OF DISCIPLINARY COUNSEL *v.* LAWRENCE.

[Cite as *Disciplinary Counsel v. Lawrence* (1995), 72 Ohio St.3d 420.]

(No. 95–371—Submitted April 4, 1995—Decided July 5, 1995.)

*Geoffrey Stern,* Disciplinary Counsel, and *Sally Ann Steuk,* Assistant Disciplinary Counsel, for relator.

*Koblentz & Koblentz* and *Richard S. Koblentz,* for respondent.

*Per Curiam.* We agree that respondent violated DR 1–102(A)(4) and (6), 6–101(A)(3), and 9–102(A), as determined by the board. However, our review of this record prevents us from concurring in the recommendation to impose probation in lieu of a full one-year suspension from the practice of law.

In conceding his misconduct, respondent analogized his wrongdoing to cases in which attorneys commingled their funds over time with funds belonging to their clients, see *Columbus Bar Assn. v. Larson* (1991), 60 Ohio St.3d 133, 573 N.E.2d 1055, or in which attorneys neglected several clients, see *Columbus Bar Assn. v. Nichols* (1991), 61 Ohio St.3d 546, 575 N.E.2d 799; *Disciplinary Counsel v. Nichols* (1993), 66 Ohio St.3d 54, 607 N.E.2d 1068; and *Mahoning Cty. Bar Assn. v. Carson* (1994), 68 Ohio St.3d 342, 626 N.E.2d 937. The board apparently accepted this argument, but we do not. None of the attorneys in the cited cases was found in violation of DR 1–102(A)(4) for having committed acts of dishonesty, deceit, misrepresentation, or fraud against clients. Respondent, in contrast,

admitted that he perpetrated this $75,000 defalcation with the understanding that he was stealing from estates he had been retained to protect.

We recognize, as we implicitly did in *Carson*, 68 Ohio St.3d at 343, 626 N.E.2d at 938, and *Nichols*, 66 Ohio St.3d at 55, 607 N.E.2d at 1069, that debilitating depression may mitigate professional misconduct and justify a less severe sanction than we might otherwise impose. However, we have issued an indefinite suspension from the practice of law for misconduct very similar to that committed by respondent, where the attorney also suffered from severe depression. *Disciplinary Counsel v. Shaw* (1984), 15 Ohio St.3d 125, 15 OBR 275, 472 N.E.2d 1075.

Thus, we are willing to temper our decision today in view of respondent's infirmity and the many assurances of his integrity apart from the instant events, but not to the extent that he may immediately return to practicing law. Accordingly, we order that respondent be suspended from the practice of law in Ohio for a full year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.