COLUMBUS BAR ASSOCIATION *v.* DEFFET.

[Cite as *Columbus Bar Assn. v. Deffet,* 98
Ohio St.3d 384, 2003-Ohio-1090.]

(No. 2002–1774—Submitted January 8, 2003—Decided March 26, 2003.)

**Per Curiam.**

{¶ 1} Respondent, Stephen P. Deffet of Dublin, Ohio, Attorney Registration No. 0039384, was admitted to the Ohio bar in 1987. In a complaint filed on June 17, 2002, relator, Columbus Bar Association, charged respondent with various violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' agreement and consent to discipline. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline.

{¶ 2} According to evidence before the panel, respondent agreed in 2001 to prepare a quitclaim deed for a client who was separated from her husband and contemplating divorce. The client wanted title of a marital residence transferred from her husband's name to her name and paid respondent $150 for this service. Respondent met with the client and her estranged husband and arranged for both to sign the quitclaim deed.

{¶ 3} Respondent did not inquire as to whether the husband was represented by counsel, nor did he advise the husband to consult independent counsel about the transaction. After the meeting, respondent also failed to promptly file the quitclaim deed and did not respond to his client's requests for the refund of her money. When he met with his client and her husband, respondent had not filed a certificate of registration with the Clerk of the Supreme Court, and he had not updated his business address with the Office of Attorney Registration as required by Gov.Bar R. VI(1)(A) and (D).

{¶ 4} For this conduct, the panel found respondent in violation of DR 1–102(A)(6) (engaging in conduct adversely reflecting on an attorney's fitness to practice law), 6–101(A)(3) (neglecting an entrusted legal matter), 7–101(A)(2) (failing to carry out a contract of employment), and 7–104(A)(2) (advising an unrepresented person whose interests may be in conflict with the interests of client), and Gov.Bar R. VI(1)(A) and (D).[1] Because his out-of-date registration impeded relator's efforts to locate respondent and because he did not conscientiously reply to relator's investigative inquiries, the panel also found a violation of Gov.Bar R. V(4)(G) (failing to cooperate in an investigation of misconduct).

{¶ 5} In recommending a sanction for this misconduct, the panel considered that respondent had initially been uncooperative during the disciplinary process. However, respondent had no prior disciplinary record, had not acted out of dishonesty or selfishness, made some good faith efforts to rectify the consequences of his misconduct, and was otherwise a reputable practitioner. The panel then recommended the sanction recommended by the parties—a public reprimand.

{¶ 6} The board adopted the panel's findings of misconduct and recommendation. We concur in both decisions. Accordingly, respondent is hereby publicly reprimanded for his violations of DR 1–102(A)(6), 6–101(A)(3), 7–101(A)(2), and 7–104(A)(2), and Gov.Bar R. VI(1)(A) and (1)(D) and V(4)(G). Costs are taxed to respondent.

Judgment accordingly.

RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

MOYER, C.J., dissents.

---

**MOYER, C.J., dissenting.**

{¶ 7} I would suspend respondent for six months and stay the entire suspension.

---

Isaac, Brant, Ledman & Teetor, L.L.P., and Joanne S. Peters; Lance Tibbles, pro hac vice; Bruce A. Campbell, Bar Counsel, and Jill M. Snitcher McQuain, Assistant Bar Counsel, for relator.

---

1. In addition, the panel noted violations of DR 7–101(A)(1) (failing to seek client's lawful objectives); however, the parties withdrew this allegation.

Stephen P. Deffet, pro se.