CUYAHOGA COUNTY BAR ASSOCIATION *v.* LAWRENCE.

[Cite as *Cuyahoga Cty. Bar Assn. v. Lawrence*, 101 Ohio St.3d 4, 2003-Ohio-6450.]

*Attorneys at law — Misconduct — Indefinite suspension — Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation — Engaging in conduct prejudicial to the administration of justice — Engaging in conduct adversely reflecting on fitness to practice law — Failing to promptly notify client of receipt of funds or other properties — Failing to maintain complete records of client funds and to render appropriate accounts to clients regarding them — Failing to promptly pay or deliver client funds upon request — Neglecting an entrusted legal matter — Failing to seek lawful objectives of client — Failing to carry out employment contract — Failing to cooperate in disciplinary investigation — Prior disciplinary suspension.*

(No. 2003-1516 — Submitted October 20, 2003 — Decided December 24, 2003.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 03-15.

_____

**Per Curiam.**

{¶1} In July 1995, we suspended respondent, David Lawrence of Euclid, Ohio, Attorney Registration No. 0015293, from the practice of law in Ohio for one year. *Disciplinary Counsel v. Lawrence* (1995), 72 Ohio St.3d 420, 650 N.E.2d 867. We reinstated respondent to the practice of law in Ohio in August 1996. *Disciplinary Counsel v. Lawrence* (1996), 76 Ohio St.3d 1222, 668 N.E.2d 921.

{¶2} In August 1997, a client retained respondent to oversee the administration of an estate in probate court. Respondent forged the client's name on the fiduciary's final account for the estate and never provided a settlement statement upon the sale of estate property or an appropriate accounting of the estate.

{¶3} In July 1998, another client retained respondent to represent him in a personal-injury action arising out of an automobile accident. The client provided copies of his medical bills relating to the accident to respondent, but respondent failed to submit the bills to the client's insurance company. Respondent also failed to file a personal-injury complaint. As a result of respondent's misconduct, collection agencies secured judgments against the client, he lost his driver's license, and he and his wife were forced to file for bankruptcy. For the most part, respondent failed to cooperate with the investigation by relator, Cuyahoga County Bar Association, of the grievances filed by his clients concerning these matters.

{¶4} In February 2003, relator filed an amended complaint charging respondent with violating numerous Disciplinary Rules and a Rule for the Government of the Bar. Respondent failed to answer the amended complaint, and the Board of Commissioners on Grievances and Discipline of the Supreme Court referred the cause to a master commissioner pursuant to Gov.Bar R. V(6)(F)(2) to review relator's motion for default judgment.

{¶5} The master commissioner found the facts as previously set forth and concluded that respondent's conduct regarding his estate client violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), 9-102(B)(1) (failing to promptly notify client of receipt of funds or other properties), 9-102(B)(3) (failing to maintain complete

records of client funds and to render appropriate accounts to clients regarding them), and 9-102(B)(4) (failing to promptly pay or deliver client funds upon request). The master commissioner found that the record did not support a finding that respondent misappropriated his estate client's funds.

{¶6} The master commissioner concluded that respondent's conduct regarding his personal-injury client violated DR 1-102(A)(5) and (6), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek lawful objectives of client), and 7-101(A)(2) (failing to carry out employment contract). The master commissioner further concluded that respondent's conduct regarding relator's investigation of his clients' grievances violated Gov.Bar R. V(4)(G) (failing to cooperate in the disciplinary process).

{¶7} The master commissioner recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the master commissioner and further recommended that the costs of the proceedings be taxed to respondent.

{¶8} We adopt the findings, conclusions, and recommendation of the board. Relator argued that respondent's conduct warranted disbarment, which is the "presumptive sanction for misappropriation of client funds." *Lorain Cty. Bar Assn. v. Fernandez*, 99 Ohio St.3d 426, 2003-Ohio-4078, 793 N.E.2d 434, ¶ 9. But as the board found, the record failed to establish that respondent misappropriated client funds. Instead, respondent's " '[n]eglect of legal matters and a failure to cooperate in the ensuing disciplinary investigation * * * warrant an indefinite suspension from the practice of law in Ohio.' " *Cleveland Bar Assn. v. Judge* (2002), 94 Ohio St.3d 331, 332, 763 N.E.2d 114, quoting *Akron Bar Assn. v. Snyder* (1999), 87 Ohio St.3d 211, 212, 718 N.E.2d 1271; cf. *Disciplinary Counsel v. Papcke* (2000), 88 Ohio St.3d 161, 724 N.E.2d 407 (attorney convicted of forgery indefinitely suspended from practice of law).

{¶9}     Accordingly, we hereby indefinitely suspend respondent from the practice of law in Ohio.  Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Robert I. Chernett and Jonathan D. Rosen, for relator.

_____