COLUMBUS BAR ASSOCIATION v. DEFFET.

[Cite as *Columbus Bar Assn. v. Deffet,*
104 Ohio St.3d 544, 2004-Ohio-6770.]

(No. 2004–1370—Submitted September 28, 2004—Decided December 17, 2004.)

---

**Per Curiam.**

{¶ 1} Respondent, Stephen P. Deffet of Dublin, Ohio, Attorney Registration No. 0039384, was admitted to the practice of law in Ohio in 1987. On March 26, 2003, we publicly reprimanded respondent for professional misconduct, including neglecting an entrusted legal matter, providing legal advice to an unrepresented opposing party, failing to cooperate with the disciplinary investigation, and failing

to properly register as an attorney with the Supreme Court. *Columbus Bar Assn. v. Deffet,* 98 Ohio St.3d 384, 2003-Ohio-1090, 785 N.E.2d 746.

{¶ 2} On February 17, 2004, relator, Columbus Bar Association, charged respondent, in a three-count complaint, of having again violated the Code of Professional Responsibility. Service of the complaint by certified mail and by the Franklin County Sheriff failed. On July 19, 2004, the Clerk of the Supreme Court was served with the complaint as respondent's statutory agent pursuant to Gov.Bar R. V(11)(B). On May 27, 2004, relator moved for default, see Gov.Bar R. V(6)(F), and respondent did not respond. A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct and a recommendation, all of which the board adopted.

## Misconduct

*Count 1—The Williams Grievance*

{¶ 3} Margaret and William Williams consulted respondent in March 2003 about problems they had discovered with a home they had purchased. Respondent recommended that the couple sue the seller and anticipated a $5,000 recovery. The Williamses paid respondent $500 to represent them.

{¶ 4} The following month, the Williamses' repeated attempts to contact respondent were unsuccessful. The couple eventually reported respondent to disciplinary authorities. According to their grievance, respondent did nothing in the Williamses' behalf and did not refund their money. They eventually consulted another attorney, who advised them that suing the seller would likely cost more than they could hope to recover.

{¶ 5} In the Williamses' case, the board found that respondent had violated DR 1–102(A)(4) (barring an attorney from conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(6) (barring an attorney from engaging in conduct adversely reflecting on his fitness to practice law), 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter), 7–101(A)(1) (barring an attorney from intentionally failing to seek the lawful objectives of his client), 7–101(A)(2) (barring an attorney from intentionally failing to carry out a contract for professional employment), and 9–102(B)(3) (requiring an attorney to maintain complete records of all client funds in the attorney's possession and to render appropriate accounts to his clients regarding them).

*Count II—The Trust Account*

{¶ 6} On December 24, 2002, respondent wrote a $575 check to National Check Cashers. On January 22, 2003, respondent wrote another $575 check to National Check Cashers. Both checks were drawn on respondent's client trust account and were returned for insufficient funds. Neither check bore any endorsement

to suggest that it was given to a client or written on a client's behalf, raising the inference that respondent kept the check proceeds. The record, however, lacks evidence to support that finding.

{¶ 7} On May 15, 2003, National Check Cashers filed a complaint for $1,200 in Franklin County Municipal Court to recover the funds from the two checks and bounced-check fees. Respondent failed to appear, and on June 18, 2003, the court entered a default judgment against respondent for $1,200. The board found that respondent had thereby committed additional violations of DR 1–102(A)(4) and 1–102(A)(6).

*Count III—Failure to Cooperate*

{¶ 8} Despite numerous attempts to get respondent to participate in the disciplinary process, respondent never replied to the allegations against him. Respondent received but did not reply to letters of inquiry mailed to his address. Relator subpoenaed respondent to appear and testify and produce documents, but he did not appear or produce requested documents. Ultimately, respondent could not be found, a situation requiring relator to serve the complaint pursuant to Gov.Bar R. V(11)(B).

{¶ 9} The board found that respondent's conduct during the disciplinary investigation violated DR 1–102(A)(5) (barring conduct prejudicial to the administration of justice) and constituted another violation of DR 1–102(A)(6). The board also found that respondent's failure to cooperate in the disciplinary process violated Gov.Bar R. V(4)(G).

## Sanction

{¶ 10} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As an aggravating factor, the board found that respondent had a history of misconduct, having been publicly reprimanded for misconduct in 2003. BCGD Proc.Reg. 10(B)(1)(a). The board also found that respondent is not currently registered to practice law in Ohio. Moreover, respondent had acted out of self-interest, committed multiple offenses, failed to cooperate in the disciplinary process, refused to acknowledge his wrongdoing, harmed a vulnerable client, and failed to make restitution. BCGD Proc.Reg. 10(B)(1)(b), (d), (e), (g), (h), and (i). The board found no mitigating evidence.

{¶ 11} Consistent with relator's suggestion and the master commissioner's recommendation, the board recommended that respondent be indefinitely suspended from the practice of law.

{¶ 12} Upon review, we agree that respondent violated DR 1–102(A)(4), (5), and (6); 6–101(A)(3); 7–101(A)(1) and (2); 9–102(B)(3); and Gov.Bar R. V(4)(G), as found by the board. We also find that indefinite suspension is appropriate. Respondent neglected his clients' case, acted dishonestly, and wholly ignored investigative inquires and resulting disciplinary proceedings. This misconduct, coupled with a prior disciplinary record, warrants an indefinite suspension. *Cuyahoga Cty. Bar Assn. v. Lawrence*, 101 Ohio St.3d 4, 2003-Ohio-6450, 800 N.E.2d 1108 (attorney with history of misconduct indefinitely suspended for dishonesty, neglecting entrusted legal matters, and lack of cooperation).

{¶ 13} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Bruce A. Campbell, Jill M. Snitcher McQuain, and Lance Tibbles, for relator.