[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 621.]

AKRON BAR ASSOCIATION *v*. MUDRICK.

[Cite as *Akron Bar Assn. v. Mudrick*, 2001-Ohio-1885.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Failing to carry out contract for professional employment—Prejudicing or damaging client during course of professional relationship—Failing to maintain complete records of client funds in lawyer's possession and render appropriate accounts—Engaging in conduct prejudicial to the administration of justice—Withdrawing from employment before taking reasonable steps to avoid prejudice to the client and delivering to client all property to which client is entitled—Failing to cooperate in disciplinary investigation.*

(No. 01-1178—Submitted August 28, 2001—Decided November 21, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-45.

————————————

*Per Curiam.*

{¶ 1} On June 5, 2000, relator, Akron Bar Association, filed a three-count complaint charging that respondent, Robert S. Mudrick of Akron, Ohio, Attorney Registration No. 0008330, had violated several provisions of the Code of Professional Responsibility and a Rule for the Government of the Bar. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 2} At a hearing on March 1, 2001, the panel received the stipulations of respondent admitting the factual matters alleged in the complaint. Based on those stipulations and testimony and exhibits received at the hearing, the panel found that respondent was retained in 1991 by Richard C. Westfall to represent him as

executor of the estate of Lewis T. Palmer. Respondent thereafter allowed the estate to remain open for almost nine years despite numerous warning letters from the probate court, citations for failure to file an inventory, accounts, and annual status reports, and the imposition of a fine by the court. Unable to contact respondent after numerous attempts, Westfall terminated respondent's services. Not only did respondent fail to turn over the files and records of the estate to the successor attorney after he was terminated, but during the years of his representation, respondent also failed to prepare and file an Ohio estate tax return. The panel found that delay in the administration of the estate significantly damaged and prejudiced the beneficiaries of the estate.

{¶ 3} The panel further found that in 1994, Elizabeth W. Smith established the Wirz tuition trust to pay for the education of her grand nephew and grand niece and appointed respondent as trustee. Smith paid respondent $20,000 to initially fund the trust and, from time to time, the beneficiaries received checks from respondent for their educational needs. After Smith died in 1998, the beneficiaries asked respondent for an accounting but received no response.

{¶ 4} Finally, the panel found that the respondent failed to cooperate fully with relator's investigation of these matters.

{¶ 5} The panel concluded that respondent's actions and failures to act in the Palmer estate and the Wirz trust violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of a client), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), 7-101(A)(3) (a lawyer shall not prejudice or damage his client during course of professional relationship), and 9-102(B)(3) (a lawyer shall maintain complete records of all funds of a client coming into the lawyer's possession and render appropriate accounts). With respect to the Palmer estate, the panel found that respondent also violated DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice) and

2-110(A)(2) (a lawyer shall not withdraw from employment before taking reasonable steps to avoid prejudice to the client and delivering to the client all property to which the client is entitled). The panel found that with respect to his failure to cooperate, respondent violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing), and that with respect to all the matters before the panel, he violated DR 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law).

{¶ 6} On January 25, 2001, we suspended respondent for an interim period based on his felony conviction for appropriating funds from the Wirz trust. *In re Mudrick* (2001), 91 Ohio St.3d 1422, 741 N.E.2d 147. In mitigation, the panel noted that respondent had not been involved in any previous disciplinary matters, that he showed remorse for his actions, and that he was suffering from depression and an anxiety disorder warranting psychiatric attention. Respondent also had made partial restitution in the Wirz trust matter. The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio, with the indefinite suspension retroactive to January 25, 2001, and that a condition of any reinstatement be the payment of restitution of $11,869.12 to the Palmer estate and $8,005 to the Wirz trust.

{¶ 7} The board adopted the findings, conclusions, and recommendations of the panel.

{¶ 8} Having reviewed the record, we adopt the findings, conclusions, and recommendations of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio with the indefinite suspension retroactive to January 25, 2001. A condition of any possible reinstatement is the payment of restitution of $11,869.12 to the Palmer estate and $8,005 to the Wirz trust, with interest at the judgment rate from January 25, 2001. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

*Peter T. Cahoon, Brian J. Moore* and *Howard S. Robbins,* for relator.

*John A. Casalinuovo,* for respondent.

---