[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 428.]

**CINCINNATI BAR ASSOCIATION *v*. BANKS.**

**[Cite as *Cincinnati Bar Assn. v. Banks*, 2002-Ohio-1236.]**

*Attorneys at law—Misconduct—Permanent disbarment—Conviction of interstate transportation of stolen lap-top computers, in violation of Section 2314, Title 18, U.S.Code.*

(No. 01-1857—Submitted November 28, 2001—Decided March 6, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-27.

_____

*Per Curiam.*

{¶ 1} On June 9, 1999, respondent, Christopher David Banks of Villa Hills, Kentucky, Attorney Registration No. 0011686, was indicted in the United States District Court, Eastern District of Kentucky, on four counts of interstate transportation of stolen lap-top computers in violation of Section 2314, Title 18, U.S.Code. He was found guilty by a jury on two counts, sentenced to thirty-three months in prison, and ordered to pay restitution in the amount of $205,000. On January 5, 2001, respondent was suspended from the practice of law in Ohio for an interim period pursuant to Gov.Bar R. V(5)(A)(4). *In re Banks* (2001), 91 Ohio St.3d 1401, 740 N.E.2d 674.

{¶ 2} On April 9, 2001, relator, Cincinnati Bar Association, filed a complaint charging that respondent had violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(5) (engaging in conduct that is prejudicial to the administration of justice.) Respondent was served the complaint, but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). The Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") referred the matter to board member Jean M. McQuillan for disposition pursuant to Gov.Bar R. V(6)(F)(2), and she submitted a report granting the motion and adopting

the relator's recommendation of an indefinite suspension. Upon review, the board found respondent in violation of the cited Disciplinary Rules, but recommended that respondent be permanently disbarred from the practice of law in this state.

{¶ 3} We concur in the board's findings of misconduct and its recommendation. In sentencing respondent for the theft of these computers, United States District Judge Jennifer B. Coffman calculated the amount of victim loss at over $500,000. She also cited four separate occasions during respondent's trial wherein he gave testimony that he knew to be materially false. Under circumstances such as these, we are compelled to impose our most severe penalty—disbarment.

{¶ 4} Accordingly, we find that respondent violated DR 1-102(A)(3), (4), and (5). We further order that respondent be permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Edwin W. Patterson III*, for relator.

_____