CINCINNATI BAR ASSOCIATION *v.* BLAKE.

[Cite as *Cincinnati Bar Assn. v. Blake,*
100 Ohio St.3d 298, 2003-Ohio-5755.]

(No. 2003–1074—Submitted August 26, 2003—Decided November 12, 2003.)

**Per Curiam.**

{¶ 1} Respondent, Wilton E. Blake II of Cincinnati, Ohio, Attorney Registration No. 0061255, was admitted to the Ohio bar in 1993. On September 27, 2002, we suspended respondent's license to practice law for an interim period pursuant to Gov.Bar R. V(5)(A)(4) upon receiving notice that he had been convicted of four felonies. *In re Blake,* 96 Ohio St.3d 1519, 2002-Ohio-5089, 775 N.E.2d 860.

{¶ 2} On August 12, 2002, relator, Cincinnati Bar Association, charged respondent with professional misconduct based on the felony convictions and two subsequent misdemeanor convictions. Respondent was served with the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline considered the motion, making findings of fact, conclusions of law, and a recommendation.

{¶ 3} On May 23, 2002, respondent pled guilty to and was convicted of one count of theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony; two more counts of theft in violation of R.C. 2913.02(A)(1), each a fifth-degree felony; and one count of forgery in violation of R.C. 2913.31(A)(2), a fifth-degree felony. The court sentenced respondent to five years of community control and ordered him to make restitution to his victims in the amount of $25,297.54 and to perform 500 hours of community service.

{¶ 4} On May 17, 2002, respondent additionally pled no contest to theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor, and criminal trespass in violation of R.C. 2911.21(A)(2), a fourth-degree misdemeanor.

{¶ 5} The master commissioner found that respondent's criminal activity violated DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude), 1–102(A)(4) (engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation), 1–102(A)(5) (engaging in conduct prejudicial to the administration of

justice), and 1–102(A)(6) (engaging in conduct that adversely reflects on an attorney's fitness to practice law). Because respondent met once with relator's investigator but failed to respond to the investigator's letters of inquiry, the master commissioner also found respondent in violation of Gov.Bar R. V(4)(G).

{¶ 6} In recommending a sanction for this misconduct, the master commissioner considered in mitigation and aggravation several documented allegations that we cannot consider on relator's motion for default because they are neither sworn nor certified. See Gov.Bar R. V(6)(F)(1)(b). However, the master commissioner also observed that no evidence substantiates respondent's compliance with the order of restitution. See Section 10(B)(1)(i) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. As relator suggested, the master commissioner recommended disbarment. The board adopted the master commissioner's findings of misconduct and recommendation.

{¶ 7} We agree that respondent violated DR 1–102(A)(3), 1–102(A)(4), 1–102(A)(5), and 1–102(A)(6), and Gov.Bar R. V(4)(G). We also agree that respondent should be disbarred for his criminal conduct. Disbarment is warranted when an attorney turns to crime and is convicted of theft offenses. *Cincinnati Bar Assn. v. Banks* (2002), 94 Ohio St.3d 428, 763 N.E.2d 1166 (attorney convicted of interstate transportation of stolen laptop computers disbarred for violations of DR 1–102[A][3], [4], and[5] ).

{¶ 8} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Christopher R. Heekin, for relator.