[Cite as *Disciplinary Counsel v. Bein*, 105 Ohio St.3d 62, 2004-Ohio-7012.]

DISCIPLINARY COUNSEL *v.* BEIN.

[Cite as *Disciplinary Counsel v. Bein,* 105 Ohio St.3d 62, 2004-Ohio-7012.]

*Attorneys at law — Misconduct — Permanent disbarment — Multiple criminal convictions — Engaging in conduct involving moral turpitude — Engaging in conduct involving dishonesty or deceit — Engaging in conduct adversely reflecting on fitness to practice law.*

(No. 2004-1012 — Submitted October 13, 2004 — Decided December 29, 2004.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 03-041.

_____

**Per Curiam**.

{¶ 1} Respondent, William Sam Bein of Beachwood, Ohio, Attorney Registration No. 0033234, was admitted to the Ohio bar in 1978. In 1995, we suspended respondent's license to practice law after he failed to comply with the continuing legal education requirements of Gov.Bar R. X for the 1992-1993 reporting period. *In re Report of Comm. on Continuing Legal Edn.* (1995), 74 Ohio St.3d 1426, 655 N.E.2d 1311. In 2002, we reinstated respondent's license to practice law after he complied with the requirements for reinstatement set forth in Gov.Bar R. X(7). *In re Report of Comm. on Continuing Legal Edn.* (2002), 94 Ohio St.3d 1492, 763 N.E.2d 1188. On December 27, 2002, we imposed an interim suspension under Gov.Bar R V(5) after we received notice that respondent had been convicted of a felony offense. See *In re Bein*, 97 Ohio St.3d 1497, 2002-Ohio-7200, 780 N.E.2d 602.

{¶ 2} In 2003, relator, Disciplinary Counsel, charged respondent with professional misconduct. The parties have signed a statement stipulating to the following facts:

**{¶ 3}** In 1995, respondent entered pleas of guilty to two federal criminal charges in the U.S. District Court for the Western District of Pennsylvania, case No. 94-214. Those criminal offenses were (1) conspiracy to engage in the interstate transportation of stolen property, a violation of Sections 371 and 2314, Title 18, U.S.Code, and (2) conspiracy to conduct financial transactions for stolen goods (money laundering), a violation of Section 1956(h), Title 18, U.S.Code. Respondent was sentenced to a term of five years of probation with a special condition of six months of home detention. He was also required to forfeit $150,000 to the United States government.

**{¶ 4}** The crimes occurred between 1989 and 1994. Respondent willfully and knowingly conspired with others in an illegal commercial enterprise involving the interstate transportation and sale of stolen over-the-counter pharmaceuticals, health and beauty aids, and sundry items such as film and batteries. He and his wife paid for the goods that they knew or should have known were stolen, and they in turn resold those goods at a higher price to wholesalers who repackaged the goods and returned them to the legitimate stream of commerce.

**{¶ 5}** Although respondent was sentenced in 1996, relator did not learn about the federal convictions until 2002, and for that reason, notification to this court under Gov.Bar R. V(5) was delayed. Once relator learned about the convictions and advised this court, we imposed the interim-suspension order in December 2002.

**{¶ 6}** Relator alleged in 2003 that respondent had violated four Disciplinary Rules: DR 1-102(A)(3) (barring illegal conduct involving moral turpitude), 1-102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law), and 1-103(A) (requiring an attorney to report any violation of DR 1-102 to an authority empowered to investigate it).

{¶ 7} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard testimony in December 2003 about respondent's actions. Based on respondent's admissions and on testimony at the hearing, the panel unanimously found that respondent had violated DR 1-102(A)(3), (4), and (6), but found that the alleged violation of DR 1-103(A) had not been proven by clear and convincing evidence. That charge was therefore dismissed. The board adopted the panel's findings of misconduct.

{¶ 8} In recommending a sanction for this misconduct, the panel considered the aggravating and mitigating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Among the relevant aggravating factors, the panel found that respondent had shown no remorse for his crimes and had tried to downplay the role that he played in the criminal conspiracy. BCGD Proc.Reg. 10(B)(1)(g). His actions reflected a selfish motive, according to the panel, and he had engaged in a pattern of misconduct and had committed multiple offenses. BCGD Proc.Reg. 10(B)(1)(b), (c), and (d). Also, the retail stores that had been victimized by the thefts and the conspiracy suffered significant financial harm. BCGD Proc.Reg. 10(B)(1)(h).

{¶ 9} On the mitigating side of the equation, the panel noted that respondent had no prior disciplinary record, aside from his continuing-legal-education suspension, BCGD Proc.Reg. 10(B)(2)(a), and found that he had generally been cooperative with the disciplinary process. BCGD Proc.Reg. 10(B)(2)(d). Also, respondent had been punished in federal court for his crimes. BCGD Proc.Reg. 10(B)(2)(f).

{¶ 10} The panel recommended that respondent be permanently disbarred, and the board adopted that recommendation.

**{¶ 11}** Respondent has filed objections to the board's recommendation, and the relator has responded to those objections. After reviewing the matter and after hearing oral argument, we find that respondent did indeed commit the misconduct found by the board, and we conclude that disbarment is the appropriate sanction.

**{¶ 12}** An attorney who turns to crime and is convicted of theft offenses should be disbarred. See *Cincinnati Bar Assn. v. Blake*, 100 Ohio St.3d 298, 2003-Ohio-5755, 798 N.E.2d 610, ¶ 7. To be sure, respondent contends that he was not solely responsible for the financial losses incurred by the retail businesses that were the victims of his crimes, but he cannot deny that he continued to participate in those crimes over several years and that the total losses from the conspiracy reached into the hundreds of thousands of dollars.

**{¶ 13}** A lawyer who engages in the kind of criminal conduct committed by respondent violates the duty to maintain personal honesty and integrity, which is one of the most basic professional obligations owed by lawyers to the public. Respondent's misconduct was harmful not only to the businesses affected but also to the legal profession, which is and ought to be a high calling dedicated to the service of clients and the public good.

**{¶ 14}** Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

William Sam Bein, pro se.

_____