Velma McKissic, pro se.

DISCIPLINARY COUNSEL *v.* WHITE.

[Cite as *Disciplinary Counsel v. White,*
106 Ohio St.3d 108, 2005-Ohio-3957.]

(No. 2004–2157—Submitted February 16, 2005—Decided August 17, 2005.)

**Per Curiam.**

{¶ 1} Respondent, David Lee White II, of Malta, Ohio, Attorney Registration No. 0030927, was admitted to the practice of law in Ohio in 1985.

{¶ 2} On September 22, 2004, relator, Disciplinary Counsel, charged respondent in an amended complaint with violations of the Code of Professional Responsibility. Although respondent answered the original complaint and participated in a prehearing teleconference, he did not answer the amended complaint and did not appear in response to subpoenas for his deposition. Respondent later met with counsel for relator, however, and stipulated to the charged misconduct.

{¶ 3} A panel of the Board of Commissioners on Grievances and Discipline heard the cause on November 12, 2004. Respondent knew of this proceeding but did not appear. The panel made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

Misconduct

*Count I*

{¶ 4} Around January 2000, a client retained respondent to help her terminate her marriage. The client paid respondent $750 in two installments. Respondent later told his client that he had filed a petition on her behalf in the Morgan County Court of Common Pleas, Domestic Relations Division.

{¶ 5} In June 2003, the client received a letter from another attorney, advising that he had taken over respondent's office space and had her case file in his possession. The attorney delivered the case file, and the client found in it a petition for dissolution of marriage, a separation agreement, an affidavit for spousal-support and child-support purposes, a Uniform Child Custody Jurisdiction Act affidavit, and a child-support-computation worksheet. None of these documents had been executed, and none bore any indication that they had been filed in court.

{¶ 6} In fact, respondent did not file anything for his client, nor did he complete any other work for her. The client attempted to contact respondent and ask for a refund but had no success.

{¶ 7} As to Count I, respondent admitted and the board found that he had violated DR 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice), 2–106(A) (barring a clearly excessive fee), and 6–101(A)(3) (barring neglect of an entrusted legal matter).

*Count II*

{¶ 8} In May 2003, relator sent a certified letter of inquiry about the grievance underlying Count I to respondent at his residence. Respondent signed the receipt but did not respond. A second certified letter of inquiry in June 2003 was returned unclaimed.

{¶ 9} During August and October 2003, relator subpoenaed respondent twice to appear for his deposition, and an investigator served the subpoenas at respondent's home. The investigator personally served respondent with a third subpoena for his deposition. Although respondent did not appear as directed, on October 31, 2003, relator received his written reply to the Count I allegations. Respondent did not reply, however, when relator asked for more information in February 2004.

{¶ 10} As to Count II, respondent admitted and the board found that he had failed to cooperate with relator's investigation of a grievance and the disciplinary process and had thereby violated Gov.Bar R. V(4)(G).

*Count III*

{¶ 11} On March 14, 2003, the Morgan County Grand Jury indicted respondent for complicity in violation of R.C. 2923.03, a fourth-degree felony, and for conspiracy in violation of R.C. 2923.01, a fifth-degree felony. Both charges arose in connection with drug trafficking. The Morgan County Prosecutor agreed not to prosecute respondent in return for respondent's consent to random drug testing and treatment for chemical dependency and for his promise to enter a contract with the Ohio Lawyers Assistance Program ("OLAP").

{¶ 12} Respondent failed to comply with the nonprosecution agreement, and on one occasion tested positive for cocaine use. Hence, the Morgan County Prosecutor unsealed the indictment and proceeded with the criminal charges against him. On June 3, 2004, respondent pleaded guilty to permitting drug abuse in violation of R.C. 2925.13(C)(3), a fifth-degree felony. Thereafter, the Morgan County Common Pleas Court granted respondent's motion for intervention in lieu of conviction and stayed all pending proceedings in respondent's criminal case. Pursuant to a plea agreement, the court placed respondent on probation-like supervision, not to exceed five years, with conditions, including that respondent (1) submit to random testing for substance abuse, (2) attend Alcoholics Anonymous or Narcotics Anonymous meetings, and (3) complete a Genesis Recovery Program and any recommended aftercare.

{¶ 13} Respondent completed the Genesis Recovery Program on November 2, 2004. He has not, however, signed a contract with OLAP.

{¶ 14} As to Count III, respondent admitted and the board found that he had violated DR 1–102(A)(3) (barring illegal conduct involving moral turpitude) and 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law).

Sanction

{¶ 15} In recommending a sanction for this misconduct, the board reviewed respondent's case for mitigating and aggravating factors. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Because respondent did not stipulate to any mitigation and did not attend the panel hearing, the board found no mitigating factors. In aggravation, the board found that respondent has engaged in a pattern of misconduct, committed multiple offenses, failed to cooperate in the disciplinary process, and harmed the client in Count I. BCGD Proc.Reg. 10(B)(1)(c), (d), (e), and (h).

{¶ 16} The board also considered respondent's criminal record an aggravating factor. For a January 2004 failure-to-appear conviction in Morgan County, respondent was given a ten-day suspended jail sentence and one year of proba-

tion. Because he tested positive for cocaine on February 4, 2004, and then refused to submit to drug testing on February 24 and 25, 2004, his probation on the failure-to-appear conviction was revoked in April 2004, although he has a pending appeal. Moreover, before his drug-trafficking charge, respondent had been convicted in 1997 of possessing marijuana in Ottawa County, Ohio. He failed to appear for a hearing in that case, and a still outstanding warrant was issued for his arrest.

{¶ 17} Based on respondent's admitted violations of the Disciplinary Rules, lack of cooperation in the disciplinary process, lack of mitigating evidence, and history of disregard for the law and failure to appear, relator recommended that respondent be indefinitely suspended. Relator further recommended that if respondent ever applies for reinstatement, his reinstatement be contingent on (1) successful completion of treatment through OLAP, (2) compliance with the requirements of the supervision and intervention plan ordered in lieu of conviction by the Morgan County Common Pleas Court in his drug-trafficking case, and (3) compliance with any requirements from the court in Ottawa County for his 1997 possession charge and the court in Morgan County for his January 2004 failure to appear. Adopting the panel's recommendation, the board recommended an indefinite suspension with the conditions suggested by relator and the additional condition that respondent pay $750 in restitution to the client in Count I.

{¶ 18} We agree that respondent violated DR 1–102(A)(3), 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 2–106(A), and 6–101(A)(3), and Gov.Bar R. V(4)(G), as found by the board. We further agree that an indefinite suspension with conditions for reinstatement is appropriate.

{¶ 19} Respondent is therefore suspended indefinitely from the practice of law in Ohio. Upon any petition for reinstatement, respondent shall establish, in addition to the other requirements of Gov.Bar R. V(10), that he has complied with the following conditions: (1) his successful completion of treatment through OLAP, (2) his compliance with the requirements of the supervision and intervention plan ordered in lieu of conviction by the Morgan County Common Pleas Court in his drug-trafficking case, (3) his compliance with any requirements from the court in Ottawa County for his 1997 possession charge and from the court in Morgan County for his January 2004 failure-to-appear conviction, and (4) his payment of $750 in restitution to the client in Count I. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Jonathan R. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, for relator.