Cincinnati Bar Association *v.* Blankemeyer.

[Cite as *Cincinnati Bar Assn. v. Blankemeyer,*
109 Ohio St.3d 156, 2006-Ohio-2038.]

(No. 2005–2036—Submitted January 11, 2006—Decided May 10, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Thomas F. Blankemeyer, formerly of Cincinnati, Ohio, Attorney Registration No. 0071812, was admitted to the practice of law in Ohio in 2000. On December 2, 2004, respondent's license to practice law was suspended for an interim period pursuant to Gov.Bar R. V(5)(A)(4) upon notice that he had been convicted of a felony. See *In re Blankemeyer,* 104 Ohio St.3d 1413, 2004-Ohio-6381, 818 N.E.2d 1199.

{¶ 2} On February 7, 2005, relator, Cincinnati Bar Association, charged that respondent had been convicted of a felony and other crimes and had thereby violated the Code of Professional Responsibility. Attempts to serve the complaint on respondent were initially unsuccessful, and the complaint was served on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). On March 14, 2005, the complaint was served by certified mail on respondent at the Southeastern Correctional Institution in Lancaster, Ohio, shortly before he was released on parole to a Columbus, Ohio address.

{¶ 3} Respondent had corresponded with relator during the investigation of the charged misconduct, but he did not answer the complaint, and relator filed a motion for default pursuant to Gov.Bar R. V(6)(F). Prior to that filing, an investigator contacted respondent's parole officer, who would not disclose respondent's precise location but did relay the request for respondent to return the investigator's call. Respondent did not reply.

{¶ 4} The Board of Commissioners on Grievances and Discipline appointed a master commissioner to consider the motion for default. The master commis-

sioner granted the motion and made findings of misconduct and a recommendation, which the board adopted.

## Misconduct

{¶ 5} On August 5, 2003, respondent entered a plea of guilty to theft in violation of R.C. 2913.02(A), a felony of the third degree. The Hamilton County Court of Common Pleas accepted the plea and placed respondent on community control for a period of five years. Among the conditions of his community control, respondent was ordered to pay $184,643.41 in restitution to the employer from whom he had embezzled that amount, plus fines, costs, and fees.

{¶ 6} On June 11, 2004, appellant was arrested for theft in violation of R.C. 2913.02, a misdemeanor of the first degree. On October 13, 2004, the Hamilton County Court of Common Pleas revoked respondent's community control and sentenced him to three years in prison, with credit for 127 days served. On November 1, 2004, the pending misdemeanor theft charge against respondent was amended, and he was charged with unauthorized use of property in violation of R.C. 2913.04, a misdemeanor of the fourth degree. Respondent also pleaded guilty to this charge.

{¶ 7} Based on respondent's criminal conduct, the board found that he had violated DR 1–102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude), 1–102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1–102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on his fitness to practice law).

## Recommended Sanction

{¶ 8} In recommending a sanction for this misconduct, the board weighed the mitigating and aggravating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 9} Respondent reported to relator that he was addicted to pain medication and had stolen money to buy OxyContin for his habit. The board found that this assertion lacked evidence to support it and therefore was insufficient to establish a mitigating factor. As aggravating factors, the board found that respondent's misconduct involved a dishonest or selfish motive, a pattern of misconduct, multiple acts of misconduct, and failure to cooperate in the disciplinary process. BCGD Proc.Reg. 10(B)(1)(b), (c), (d), and (e).

{¶ 10} Relator recommended that respondent's license to practice law be indefinitely suspended. Adopting the master commissioner's report, the board also recommended an indefinite suspension.

Review

{¶ 11} We agree that respondent violated DR 1–102(A)(3), 1–102(A)(4), and 1–102(A)(6), as found by the board. We conclude, however, that respondent should be permanently disbarred rather than indefinitely suspended.

{¶ 12} An attorney who has been convicted of felony theft offenses has violated the basic professional duty to act with honesty and integrity. See EC 1–5 and DR 1–102(A). In similar cases, we have ordered permanent disbarment. See, e.g., *Disciplinary Counsel v. Stern*, 106 Ohio St.3d 266, 2005-Ohio-4804, 834 N.E.2d 351, ¶ 8 ("Permanent disbarment is an appropriate sanction for conduct that * * * results in a felony conviction"); *Disciplinary Counsel v. Bein*, 105 Ohio St.3d 62, 2004-Ohio-7012, 822 N.E.2d 358, ¶ 12 ("An attorney who turns to crime and is convicted of theft offenses should be disbarred"); *Cincinnati Bar Assn. v. Blake*, 100 Ohio St.3d 298, 2003-Ohio-5755, 798 N.E.2d 610, ¶ 7 ("Disbarment is warranted when an attorney turns to crime and is convicted of theft offenses").

{¶ 13} Respondent is therefore permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

RESNICK, J., dissents and would indefinitely suspend respondent.

———————

James A. Vogele and Fay Danner Dupuis, for relator.