DISCIPLINARY COUNSEL *v.* WHITE.

[Cite as *Disciplinary Counsel v. White,*
109 Ohio St.3d 402, 2006-Ohio-2709.]

(No. 2005–2440—Submitted February 22, 2006—Decided June 14, 2006.)

**Per Curiam.**

{¶ 1} Respondent, David Lee White II of McConnelsville, Ohio, Attorney Registration No. 0030927, was admitted to the Ohio bar in 1985.

{¶ 2} On August 17, 2005, we indefinitely suspended respondent for violating DR 1–102(A)(3) (barring illegal conduct involving moral turpitude), 1–102(A)(4) (barring an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice), 1–102(A)(6) (barring conduct that adversely reflects on an attorney's fitness to practice law), 2–106(A) (barring the charge of a clearly excessive fee), and 6–101(A)(3) (barring neglect of an entrusted legal matter), as well as Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation). *Disciplinary Counsel v. White,* 106 Ohio St.3d 108, 2005-Ohio-3957, 832 N.E.2d 51.

{¶ 3} As we explained in that decision, respondent was charged with a felony drug offense in 2003. Id. at ¶ 11. After he pleaded guilty in June 2004 to the criminal charge of "permitting drug abuse" in violation of R.C. 2925.13(C)(3), a fifth-degree felony, the Morgan County Common Pleas Court granted his motion for intervention in lieu of conviction and stayed all pending proceedings in his criminal case. Id. at ¶ 12.

{¶ 4} That was where the matter stood in September 2004 when relator, Disciplinary Counsel, initiated the disciplinary action that led us to indefinitely suspend respondent in August 2005. Respondent's misconduct committed after September 2004 has now given rise to additional disciplinary charges.

{¶ 5} Relator filed a complaint charging respondent with additional professional misconduct on June 13, 2005. Attempts to serve respondent by certified mail were unsuccessful, and the complaint was served on the Clerk of the Supreme

Court pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

{¶ 6} When the Morgan County Common Pleas Court stayed the criminal proceedings against respondent in June 2004, that court ordered him to refrain from possessing, using, or distributing any drug of abuse other than prescription medications. Respondent violated the order when he tested positive for cocaine use in February 2005. Accordingly, in March 2005, the court lifted the stay previously imposed in respondent's criminal case and entered a finding of guilty on the felony drug charge to which he had earlier pleaded guilty. The court also ordered respondent to serve 11 months in prison for his offense.

{¶ 7} The master commissioner assigned to review these additional charges of professional misconduct against respondent concluded that he had violated DR 1–102(A)(3) and 1–102(A)(6). We agree with that finding.

## Sanction

{¶ 8} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board cited several aggravating factors, including respondent's prior disciplinary offenses, his pattern of misconduct dating to a prior drug charge in 1997, and his multiple offenses. BCGD Proc.Reg. 10(B)(1)(a), (c), and (d). In mitigation, the master commissioner and the board cited the "suggestion of chemical dependency" in the record and the imposition of a criminal sentence for the misconduct. BCGD Proc.Reg. 10(B)(2)(f) and (g).

{¶ 9} Relator recommended that respondent be permanently disbarred. The master commissioner and the board accepted that recommendation and now urge the court to disbar respondent.

{¶ 10} We agree with the board's recommendation. Respondent's earlier misconduct resulted in an indefinite suspension. *Disciplinary Counsel v. White,* 106 Ohio St.3d 108, 2005-Ohio-3957, 832 N.E.2d 51. Respondent's additional professional misconduct and his felony conviction now compel his permanent disbarment.

{¶ 11} In other disciplinary cases, we have disbarred attorneys who, like respondent, have committed violations of DR 1–102(A) and have been convicted of

felony offenses. See, e.g., *Disciplinary Counsel v. Stern,* 106 Ohio St.3d 266, 2005-Ohio-4804, 834 N.E.2d 351; *Disciplinary Counsel v. Ulinski,* 106 Ohio St.3d 53, 2005-Ohio-3673, 831 N.E.2d 425; *Disciplinary Counsel v. Bein,* 105 Ohio St.3d 62, 2004-Ohio-7012, 822 N.E.2d 358. Although we have imposed lesser sanctions on some attorneys convicted of felonies, we have done so where more evidence was offered in mitigation than has been offered in this case. See, e.g., *Akron Bar Assn. v. Mudrick* (2001), 93 Ohio St.3d 621, 758 N.E.2d 176 (an indefinite suspension was imposed on an attorney who showed remorse for his actions, was suffering from depression and an anxiety disorder that warranted psychiatric attention, and who had not previously been disciplined for professional misconduct); *Cincinnati Bar Assn. v. Holcombe* (2001), 93 Ohio St.3d 141, 753 N.E.2d 176 (an indefinite suspension was imposed on an attorney who had not previously been suspended from the practice of law, had already served a 17–month prison sentence and had been released from prison after received counseling there, was employed at a restaurant, and was regularly attending Alcoholics Anonymous meetings).

{¶ 12} To be sure, we have explained that "[g]enerally, we do temper our decision where substance abuse is involved and the respondent has demonstrated a *commitment to sobriety.*" (Emphasis added.) *Disciplinary Counsel v. Gallagher* (1998), 82 Ohio St.3d 51, 53, 693 N.E.2d 1078. No such commitment is evident on the part of respondent, however. While criminal proceedings were stayed against him, he tested positive for cocaine use. Respondent's drug use led to his felony conviction, and, as we noted in his earlier disciplinary case, he did not sign a contract with the Ohio Lawyers Assistance Program. *White,* 106 Ohio St.3d 108, 2005-Ohio-3957, 832 N.E.2d 51, ¶ 13.

{¶ 13} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.