MEDINA COUNTY BAR ASSOCIATION *v.* WOOTTON.

[Cite as *Medina Cty. Bar Assn. v. Wootton,*
110 Ohio St.3d 179, 2006-Ohio-4094.]

(No. 2006–0802—Submitted June 7, 2006—Decided August 23, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Arthur William Wootton of Valley City, Ohio, Attorney Registration No. 0033387, was admitted to the Ohio bar in 1968. On May 6, 2005, we imposed an interim remedial suspension under Gov.Bar R. V(5a) after we received substantial, credible evidence demonstrating that respondent had committed a violation of the Code of Professional Responsibility and posed a substantial threat of serious harm to his clients and the public. *Medina Cty. Bar Assn. v. Wootton,* 105 Ohio St.3d 1539, 2005-Ohio-2183, 827 N.E.2d 323.

{¶ 2} On October 24, 2005, relator, Medina County Bar Association, filed an amended complaint charging respondent with professional misconduct. The complaint was delivered by certified mail to respondent's address. Respondent did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

### Count I

{¶ 3} In 2004, Robert and Natalie Kopko refinanced the mortgage on real estate that they owned in North Canton, Ohio. Respondent's company, Professional Mortgage Corporation, was to receive the proceeds from the Kopkos' new mortgage loan and pay off their previous mortgage lender and other lien holders. Respondent, however, failed to properly distribute the proceeds from the Kopkos' new mortgage loan.

{¶ 4} Robert Kopko contacted respondent several times in December 2004 about respondent's failure to pay off the Kopkos' original mortgage with the proceeds from their new loan. Respondent assured Kopko that the problem would be resolved, and he later told Kopko on December 22, 2004, that a check for more than $136,000 would be sent to the original mortgage lender. Respondent failed to send the money, however, and he explained to Kopko in January 2005 that he had used the Kopkos' loan proceeds to pay off someone else's loan. As a result of respondent's actions, the Kopkos were obligated to make two monthly mortgage payments to two different lenders.

## Count II

{¶ 5} In 2004, respondent acted as the escrow agent for a real estate transaction involving property in Stow, Ohio. Penney Real Estate Company represented the seller of the property, Donna R. Mason. From the seller's proceeds, respondent was to pay more than $7,000 to Penney for its commission. Two checks that respondent wrote to Penney from a corporate trust account were returned, however, because respondent's account contained insufficient funds to cover the face amount of the checks. Respondent evidently never paid Penney the more than $7,000 that was owed.

## Count III

{¶ 6} In 2004, respondent acted as the escrow agent for a real estate transaction involving property in Akron, Ohio. The seller of the property was Michael Nordhauss. From the seller's proceeds, respondent was to pay more than $231,000 to Home Savings, which held a mortgage on the property. Respondent failed to pay that money, leaving Nordhauss liable for the mortgage.

{¶ 7} We agree with the board's finding that these actions by respondent violated the following Disciplinary Rules: DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), 7–101(A)(3) (prohibiting an attorney from intentionally prejudicing or damaging a client), 7–102(A)(3) (prohibiting a lawyer from failing to disclose what he is required by law to reveal), 7–102(A)(5) (prohibiting an attorney from making a false statement of fact), 9–102(B)(1) (requiring prompt notification that an attorney has received the client's funds), and 9–102(B)(4) (barring an attorney from failing to promptly pay or deliver on demand all funds and property belonging to the client).

## Sanction

{¶ 8} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating factors, the board found that respondent had engaged in a pattern of misconduct, committed multiple offenses, failed to cooperate in the disciplinary process, failed to acknowledge the wrongfulness of his actions, harmed vulnerable victims, and failed to make restitution. BCGD Proc.Reg. 10(B)(1)(c), (d), (e), (g), (h), and (i). The board cited no mitigating factors.

{¶ 9} Relator recommended that respondent be permanently disbarred. The master commissioner and the board accepted this recommendation.

{¶ 10} We agree that permanent disbarment is the appropriate sanction. Respondent's repeated theft of funds that he owed to his clients and others, his

dishonesty in the Kopko matter, the considerable financial harm that he has caused, and his lack of cooperation in the disciplinary process demonstrate that he is not fit to practice law. The misappropriation by an attorney of money that belongs to a client or others "violates basic notions of honesty and integrity, and it endangers public confidence in the legal profession." *Cleveland Bar Assn. v. Dadisman,* 109 Ohio St.3d 82, 2006-Ohio-1929, 846 N.E.2d 26, ¶ 41 (ordering the disbarment of an attorney who misappropriated client funds).

{¶ 11} We have imposed a sanction of permanent disbarment in similar cases. See, e.g., *Cincinnati Bar Assn. v. Weaver,* 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 15 (an attorney's "persistent neglect of his clients' interests, failure to perform as promised, failures to account for his clients' money, and lack of any participation in the disciplinary proceedings" compel his disbarment); *Greene Cty. Bar Assn. v. Fodal,* 100 Ohio St.3d 310, 2003-Ohio-5852, 798 N.E.2d 1082, ¶ 32 (ordering the disbarment of an attorney who "routinely took his clients' money and provided nothing in return"); *Disciplinary Counsel v. Wherry* (2000), 87 Ohio St.3d 584, 587, 722 N.E.2d 515 ("The appropriate sanction when a lawyer knowingly converts funds for the lawyer's benefit is disbarment").

{¶ 12} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Oberholtzer, Filous & Lesiak, John C. Oberholtzer, and Alicia M. Hathcock; and Walker & Jocke and Patricia A. Walker, for relator.