DISCIPLINARY COUNSEL *v.* HOUSER

[Cite as *Disciplinary Counsel v. Houser,*
110 Ohio St.3d 203, 2006-Ohio-4246.]

204

(No. 2006–0430—Submitted April 25, 2006—Decided August 30, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Melissa Anne Houser of New Albany, Ohio, Attorney Registration No. 0055517, was admitted to the practice of law in Ohio in 1991.

{¶ 2} On August 26, 2005, relator, Disciplinary Counsel, charged respondent in an amended five-count complaint with professional misconduct. Respondent was served with the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and made findings of misconduct and a recommendation, which the board adopted.

Misconduct

*Counts I and II*

{¶ 3} Evidence established that in July 2000, respondent, then a licensed insurance agent, sold two annuities to an elderly couple for approximately $101,000 and $49,000. Respondent told the couple that the annuities were fixed rate and would provide slightly higher returns than the couple's certificates of deposit, which the couple then cashed in early to pay for the annuities. The couple later realized large losses, however, and discovered that they had actually invested in variable-rate annuities.

{¶ 4} To placate the couple, respondent prepared two promissory notes providing that Fairfield Financial Solutions ("Fairfield"), the agency for which she worked, would guarantee a 6.5 percent return on the variable annuities if the couple kept them for seven years. Respondent had no authority to draw up these promissory notes, and Fairfield later terminated her employment for this and other misrepresentations to customers. The couple eventually settled their claim and reported respondent's deceit to relator.

{¶ 5} On October 6, 2005, the Ohio Department of Insurance revoked respondent's insurance-agent license based on charges of her unfair, dishonest, deceptive, and coercive practices and her demonstrated incompetence and untrustworthiness in selling the variable-rate annuities to her customers. In December 2004, respondent's unauthorized execution of the promissory notes also led the

National Association of Securities Dealers ("NASD") to bar her from any association with an NASD member.

{¶ 6} The board found that respondent's various misrepresentations and dishonesty violated DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law).

## Counts III and IV

{¶ 7} As to Count III, the board also observed that respondent has been in violation of Gov.Bar R. VI since 1993, having failed to register as an attorney after that time. Nor has respondent paid the biennium fee or kept her current address on file with this court's Attorney Registration Section.

{¶ 8} Relator charged in Count IV that despite the continuing legal education ("CLE") requirements of Gov.Bar R. X, respondent had failed to report her compliance for the 1992–1993 reporting period. The board adopted the master commissioner's findings that she had been sanctioned on June 21, 1995, and fined $350. The fine remains unpaid.

{¶ 9} Relator also charged in Count IV that respondent had failed to report her compliance with CLE requirements for the 1994–1995 reporting period. The board adopted the master commissioner's findings that respondent had been sanctioned on April 14, 1997, fined $750, and suspended from the practice of law for this violation. Service of this order by certified mail failed and was returned on April 22, 1997, marked "refused." A second copy was sent by regular mail and returned as undeliverable. Respondent has not paid her fines or petitioned for reinstatement.

{¶ 10} As to Count III, the board found that respondent had violated Gov.Bar R. VI(1)(A) (requiring biennial registration and fees to maintain active status as an attorney) and Gov.Bar R. VI(1)(D) (requiring attorneys to update their residence and office addresses on file with the Attorney Registration Section). As to Count IV, the board found respondent in violation of Gov.Bar R. X(3)(A)(1) and (B)(1) (requiring attorneys to report 24 CLE credit hours biennially).

## Count V

{¶ 11} Last, the board found that respondent had failed to cooperate during the investigation of the Count I misconduct and had thereby violated Gov.Bar R. V(4)(G).

{¶ 12} Evidence established that respondent replied to relator's first certified letter of inquiry, advising on October 8, 2003, that she had not been a practicing attorney for more than ten years and did not believe that Disciplinary Counsel had jurisdiction over her. Thereafter, twice relator provided respondent with

certified notice of her duties to comply with Gov.Bar R. VI and X, including her obligation to register as inactive or resign from the Ohio bar to properly quit the practice of law. Respondent did not reply.

{¶ 13} In September 2004, relator's investigator delivered a notice of intent and proposed formal complaint to respondent's residence address, leaving it with a baby-sitter. Respondent failed to reply by the deadline for her response.

## Recommended Sanction

{¶ 14} In recommending a sanction for respondent's misconduct, the master commissioner weighed the mitigating and aggravating factors of her case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 15} Accepting the master commissioner's report, the board found no mitigating factors. As aggravating factors, the board found that respondent had repeatedly failed to respond to notices of proceedings relating to her license to practice law. See BCGD Proc.Reg. 10(B)(1)(e). Respondent's willful refusal to comply with the rules governing the practice of law, her lack of any remorse, and her deceit also weighed heavily in favor of a severe sanction.

{¶ 16} Relator urged the board to permanently disbar respondent. The master commissioner recommended permanent disbarment, and the board adopted that recommendation.

## Review

{¶ 17} We agree with the board that respondent violated the cited Disciplinary Rules and has a long history of failing to comply with our rules for attorney registration and CLE. In determining the appropriate sanction for this misconduct, however, neither we nor the board may consider the facts that respondent was fined and suspended from practice for her violations of Gov.Bar R. X(3)(A)(1) and (B)(1).

{¶ 18} Gov.Bar R. X(5)(C) specifically prohibits us from considering a sanction for a respondent's failure to comply with CLE requirements when we impose a sanction under Gov.Bar R. V(8). In contrast, Gov.Bar R. VI, which addresses the registration of attorneys, does not contain a similar prohibition.

{¶ 19} Disbarment is nevertheless warranted. Respondent's repeated dishonesty and deceit in dealing with the elderly couple and her employer seriously breached her professional duty to the public to maintain personal integrity. This breach, together with respondent's failure to comply with attorney registration requirements, her failure to reply to relator's investigative inquiries, and the

absence of any mitigating evidence supporting a lesser sanction shows that respondent lacks the qualifications to remain a member of the Ohio bar.

{¶ 20} Respondent is therefore permanently disbarred. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

————————

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.