COLUMBUS BAR ASSOCIATION *v.* NEAL.

[Cite as *Columbus Bar Assn. v. Neal,* 113 Ohio St.3d 461, 2007-Ohio-2341.]

(No. 2007–0324—Submitted April 4, 2007—Decided May 30, 2007.)

Per Curiam.

{¶ 1} Respondent, Jerry Allen Neal Jr., Attorney Registration No. 0062633, whose last registered address was in Dublin, Ohio, was admitted to the practice of law in Ohio in 1993.

{¶ 2} Effective September 28, 1995, this court entered an order suspending Neal from the practice of law for an interim period in accordance with Gov.Bar R. V(5)(A)(3), upon our receipt of notice that he had been convicted in the Franklin County Court of Common Pleas of multiple felony offenses. *In re Neal* (1995), 73 Ohio St.3d 1470, 654 N.E.2d 1281. Thereafter, on December 2, 2005, we suspended Neal's license, pursuant to Gov.Bar R. VI(6), for his failure to register as an attorney. *In re Attorney Registration Suspension,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.

{¶ 3} According to the report of a master commissioner filed in this case, on April 20, 2006, relator, the Columbus Bar Association, filed the instant complaint in connection with Neal's convictions in 1995 for insurance fraud, theft, attempted theft, two counts of falsification, three counts of forgery, two counts of misrepre-

sentation in a property insurance application, and two counts of tampering with records, arising out of his activities in staging three burglaries at a former residence and in then submitting false insurance claims totaling $126,000. He was sentenced to a term of four to ten years.

{¶ 4} Relator alleged that Neal had violated DR 1–102(A)(3), by engaging in illegal conduct involving moral turpitude, 1–102(A)(4), by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and 1–102(A)(6), by engaging in conduct that adversely reflects on his fitness to practice law. Relator also recommended permanent disbarment for Neal's alleged misconduct.

{¶ 5} On August 4, 2006, a probable-cause panel certified relator's complaint to the Board of Commissioners on Grievances and Discipline, and, on August 7, 2006, the secretary for the board sent to Neal, at his last known address in the state of Tennessee and to his last registered address in Dublin, Ohio, a notice of the complaint and a directive to answer within 20 days. The United States Postal Service returned the notices marked "Attempted—Not Known."

{¶ 6} On October 20, 2006, the board served Neal by serving a complaint on the Clerk of the Supreme Court of Ohio, in conformity with Gov.Bar R. V(11)(B). On November 20, 2006, relator moved for default judgment and served Neal by ordinary mail, sent to the Clerk of the Supreme Court.

{¶ 7} Based upon the complaint and a certified copy of Neal's sentencing order from the Franklin County Court of Common Pleas, a master commissioner made findings of fact and concluded that Neal had violated DR 1–102(A)(3), 1–102(A)(4), and 1–102(A)(6). In mitigation, the master commissioner found that Neal's disciplinary record consisted only of his convictions and his failure to register and that the common pleas court had imposed penalties for Neal's convictions. However, the master commissioner also found several of the aggravating factors enumerated in Section 10(B)(1) of the Rules and Regulations Governing Procedure on Complaints and Hearing Before the Board of Commissioners on Grievances and Discipline, including prior disciplinary offenses, dishonest or selfish motive, multiple offenses, lack of cooperation in the disciplinary process, and Neal's refusal to acknowledge the wrongful nature of his conduct.

{¶ 8} Upon consideration of the evidence and the factors in mitigation and aggravation, the master commissioner recommended permanent disbarment, citing our decisions in *Disciplinary Counsel v. Gallagher* (1998), 82 Ohio St.3d 51, 693 N.E.2d 1078 (disbarment for conviction of distributing cocaine); *Disciplinary Counsel v. Timonere* (1996), 74 Ohio St.3d 629, 660 N.E.2d 1171 (disbarment for conviction of conspiracy to smuggle cocaine); *Disciplinary Counsel v. Houser*, 110 Ohio St.3d 203, 2006-Ohio-4246, 852 N.E.2d 724 (disbarment for dishonest conduct, conduct adversely reflecting on fitness to practice law, failure to register as an attorney, and failure to cooperate in an investigation of misconduct);

*Medina Cty. Bar Assn. v. Wootton,* 110 Ohio St.3d 179, 2006-Ohio-4094, 852 N.E.2d 175 (disbarment for deceit and fraud in several real estate transactions and failure to cooperate in disciplinary process); *Disciplinary Counsel v. White,* 109 Ohio St.3d 402, 2006-Ohio-2709, 848 N.E.2d 504 (disbarment for conviction of a felony drug offense and conduct involving dishonesty, fraud, and deceit); *Toledo Bar Assn. v. Vild,* 109 Ohio St.3d 208, 2006-Ohio-2186, 846 N.E.2d 854 (disbarment for a history of multiple disciplinary violations, dishonesty, and failure to cooperate in a disciplinary investigation); *Cincinnati Bar Assn. v. Blankemeyer,* 109 Ohio St.3d 156, 2006-Ohio-2038, 846 N.E.2d 523 (disbarment for convictions of theft offenses, conduct involving deceit, fraud, or misrepresentation, and conduct adversely reflecting on fitness to practice).

{¶ 9} On February 9, 2007, pursuant to Gov.Bar R. V(6)(L), the board considered and adopted the master commissioner's findings of fact and conclusions of law, and it has recommended that we permanently disbar Neal.

{¶ 10} Having reviewed the matter, we agree that respondent violated DR 1–102(A)(3), 1–102(A)(4), and 1–102(A)(6), and that permanent disbarment is the appropriate sanction.

{¶ 11} Therefore, respondent is permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

———————

Bruce A. Campbell, Bar Counsel, for relator.