CINCINNATI BAR ASSOCIATION *v*. NEWMAN.

[Cite as *Cincinnati Bar Assn*. *v. Newman*,

127 Ohio St.3d 123, 2010-Ohio-5034.]

*Attorneys at law — Misconduct — Indefinite license suspension.*

(No. 2009-1917 — Submitted August 10, 2010 — Decided October 21, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 09-041.

_____

**Per Curiam**.

**{¶ 1}** Respondent, George W. Newman III of Cincinnati, Ohio, Attorney Registration No. 0050769, was admitted to the practice of law in Ohio in October 1964. In June 2009, relator, Cincinnati Bar Association, filed a complaint charging respondent with violations of Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information from a disciplinary authority), 8.3(a) (requiring an attorney to report to disciplinary authority his own violations of the Rules of Professional Conduct that raise a question about his honesty, trustworthiness, or fitness as a lawyer), and 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness).

**{¶ 2}** Although the complaint was served on July 22, 2009, in accordance with Gov.Bar R. V(11)(B), respondent failed to file an answer. Therefore, in August 2009, relator moved for default pursuant to Gov.Bar R. V(6)(F).

**{¶ 3}** The Board of Commissioners on Grievances and Discipline referred the default motion to a master commissioner, who made findings of fact, conclusions of law, and a recommendation that the board indefinitely suspend

respondent from the practice of law. The board adopted the report and submitted the matter to this court. We found, however, that the record lacked sufficient sworn or certified evidence to support the allegations of misconduct, and we remanded the cause to the board for further proceedings consistent with our opinion. *Cincinnati Bar Assn. v. Newman*, 124 Ohio St.3d 505, 2010-Ohio-928, 924 N.E.2d 359, ¶ 9.

**{¶ 4}** On remand, relator amended its motion for default and submitted certified copies of respondent's indictment, bill of particulars, plea agreement, and judgment entry of sentencing, as well as the affidavit of its investigator. Based upon this evidence, the master commissioner and the board once again recommend that we indefinitely suspend respondent.

**{¶ 5}** We agree that respondent violated Prof.Cond.R. 8.1(b), 8.3(a), and 8.4(b), as found by the board, and that his conduct warrants an indefinite suspension.

## Misconduct

**{¶ 6}** The board found that in October 2006, respondent was indicted on seven counts of passing bad checks in violation of R.C. 2913.11(B) and three counts of theft in violation of R.C. 2913.02(A)(3). A bill of particulars alleged that he had engaged in a scheme by which he deposited checks drawn on closed accounts or accounts with insufficient funds into other bank accounts and then withdrew cash from those artificially inflated accounts, causing losses of $5,809.67 to Fifth Third Bank, $11,804 to U.S. Bank, and $4,459.99 to Huntington Bank.

**{¶ 7}** Respondent pleaded guilty to three counts of theft, felonies of the fifth degree, in September 2007. The following month, he was sentenced to three years of community control and was ordered to pay restitution of $4,454.59 to Huntington Bank and $5,804.57 to Fifth Third Bank. He failed to notify any Ohio attorney disciplinary authority of his conviction.

**{¶ 8}** When the board brought respondent's conviction to our attention, we imposed an interim felony suspension from the practice of law against respondent on February 2, 2009, and referred the matter to relator for investigation and commencement of this disciplinary proceeding. *In re Newman*, 120 Ohio St.3d 1500, 2009-Ohio-381, 900 N.E.2d 618.

**{¶ 9}** Respondent did not respond to the resulting disciplinary investigation, despite relator's attempts to communicate with him via certified mail and telephone, and he did not file an answer to the complaint. The board also noted that respondent has failed to submit an affidavit confirming his compliance with our February 2, 2009 interim suspension order. The board concluded that these acts violated Prof.Cond.R. 8.1(b), 8.3(a), and 8.4(b).

### Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 11}** In this case, respondent has committed illegal acts that adversely reflect on his honesty and trustworthiness by stealing approximately $22,000 from three banks and by failing to respond to the resulting disciplinary investigation. In aggravation, the board has found that he failed to cooperate in the disciplinary process. BCGD Proc.Reg. 10(B)(1)(e). And in mitigation of punishment, this is respondent's only disciplinary violation in more than 45 years of practice. BCGD Proc.Reg. 10(B)(2)(a).

{¶ 12} "An attorney who has been convicted of felony theft offenses has violated the basic professional duty to act with honesty and integrity." *Cincinnati Bar Assn. v. Blankemeyer*, 109 Ohio St.3d 156, 2006-Ohio-2038, 846 N.E.2d 523, ¶ 12. "One of the fundamental tenets of the professional responsibility of a lawyer is that [the lawyer] should maintain a degree of personal and professional integrity that meets the highest standard.  The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach.  [The lawyer] should refrain from any illegal conduct.  Anything short of this lessens public confidence in the legal profession — because obedience to the law exemplifies respect for the law." *Cleveland Bar Assn. v. Stein* (1972), 29 Ohio St.2d 77, 81, 58 O.O.2d 151, 278 N.E.2d 670.

{¶ 13} We have imposed an indefinite suspension for similar misconduct. See, e.g., *Disciplinary Counsel v. Dragelevich*, 106 Ohio St.3d 478, 2005-Ohio-5515, 835 N.E.2d 1261, ¶ 3, 7 (imposing indefinite suspension on attorney who knowingly caused the odometer on a vehicle to be altered to reflect less than the actual mileage, a felony); *Disciplinary Counsel v. Woods* (1986), 28 Ohio St.3d 245, 247, 28 OBR 325, 503 N.E.2d 746 (imposing indefinite suspension on attorney convicted of theft, forgery, and uttering); *Lake Cty. Bar Assn. v. Baxter* (1983), 4 Ohio St.3d 82, 83, 4 OBR 263, 446 N.E.2d 1121 (imposing indefinite suspension on attorney involved in a check-kiting scheme when $16,000 in restitution remained unpaid).

{¶ 14} Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we adopt the board's findings of fact and conclusion that respondent violated Prof.Cond.R. 8.1(b), 8.3(a), and 8.4(b).  Accordingly, George W. Newman III is indefinitely suspended from the practice of law in the state of Ohio.  As a condition of reinstatement, respondent shall pay restitution of $4,454.59 to

Huntington Bank and $5,804.57 to Fifth Third Bank.  Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Naomi C. Dallob and Edwin Wilhite Patterson III, for relator.

_____