LORAIN COUNTY BAR ASSOCIATION *v.* FERNANDEZ.

[Cite as *Lorain Cty. Bar Assn. v. Fernandez,*
99 Ohio St.3d 426, 2003-Ohio-4078.]

(No. 2003–0703—Submitted June 4, 2003—Decided August 13, 2003.)

---

Per Curiam.

{¶ 1} Respondent, Yolanda B. Fernandez of Lorain, Ohio, Attorney Registration No. 0062647, was admitted to the practice of law in Ohio on February 24, 1994. On May 24, 2000, we indefinitely suspended respondent from the practice of law for disciplinary violations involving "a pattern of neglect involving multiple clients" and refusal to cooperate in the ensuing disciplinary investigations. *Lorain Cty. Bar Assn. v. Fernandez* (2000), 89 Ohio St.3d 82, 84, 728 N.E.2d 1056.

{¶ 2} On August 12, 2002, relator, Lorain County Bar Association, filed a four-count complaint against respondent for additional disciplinary violations. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' discipline-by-consent agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶ 3} After considering joint stipulations of fact, the panel found that after her suspension, respondent failed to notify one client in writing of the termination of her legal practice and refused to refund any money owed to her client until November 2002, when she refunded $200. Further, after being served with the grievance, respondent failed to respond to the grievance in writing as required by the rules of relator.

{¶ 4} Based on stipulations of fact, the panel found with respect to another client that respondent from July 7, 2000, to June 19, 2001, failed to refund to that client the sum of $3,212.50, which belonged to that client. Respondent refunded the money only after repeated requests by the client's new counsel, after a grievance was filed, and after respondent was indicted on a charge of theft by deception. Again respondent failed to respond to the grievance in writing as required by the rules of relator. Ultimately, respondent pled guilty to the misdemeanor of unauthorized use of property, R.C. 2913.04, and was sentenced to 100 hours of community service.

{¶ 5} Based on the stipulated facts, the panel found that respondent's conduct violated DR 1–102(A)(3) (engaging in conduct involving moral turpitude), 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1–102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law), 2–110(A)(3) (failure to refund unearned fees), 6–101(A)(3) (neglect of an entrusted legal matter), and 7–101(A)(2) (failure to carry out a contract of employment), and Gov.Bar R. V(4)(G) (failure to cooperate in a disciplinary investigation).

{¶ 6} In considering the sanction, the panel noted that respondent was indefinitely suspended from the practice of law when the acts giving rise to the grievance occurred. Respondent clearly failed to deliver money owed to her

clients until compelled to do so. Thus, "[r]estitution, while eventually made, was not timely." Respondent presented no character evidence in mitigation.

{¶ 7} The relator and respondent recommended that the current indefinite suspension from practice be continued. The panel, however, "concerned about Respondent's repeated unethical conduct after her suspension," recommended that respondent be permanently disbarred. The board added its finding that "Respondent willfully ignored the sanction imposed under her prior suspension." The board adopted the panel's findings of fact, conclusions of law, and recommendation that respondent be disbarred. The board further recommended that the costs of the proceedings be taxed to respondent.

{¶ 8} We adopt the findings and conclusions of the board. We further find that disbarment is appropriate in this case. "[A]ccepting retainers and not refunding the unearned portions of them on request * * * [is] tantamount to a misappropriation of client funds and property." *Cleveland Bar Assn. v. Glatki* (2000), 88 Ohio St.3d 381, 384, 726 N.E.2d 993. See, also, *Disciplinary Counsel v. Nasrallah* (2002), 94 Ohio St.3d 143, 148, 761 N.E.2d 11 ("taking client retainers and failing to carry out contracts of employment is tantamount to theft of the fee from the client"), citing *Disciplinary Counsel v. Sigall* (1984), 14 Ohio St.3d 15, 17, 14 OBR 320, 470 N.E.2d 886.

{¶ 9} The presumptive sanction for misappropriation of client funds is disbarment. See *Cleveland Bar Assn. v. Dixon* (2002), 95 Ohio St.3d 490, 2002-Ohio-2490, 769 N.E.2d 816, ¶ 15. Respondent's conduct is particularly egregious here because we had indefinitely suspended her from the practice of law and she had no possible basis to retain these fees. Respondent's conduct is further aggravated by her failure to cooperate in relator's investigation. See *Disciplinary Counsel v. France,* 97 Ohio St.3d 240, 2002-Ohio-5945, 778 N.E.2d 573, ¶ 11 ("respondent compounded the misconduct by ignoring repeated attempts to investigate his misconduct"). Accordingly, respondent is permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Daniel A. Cook, for relator.

Yolanda Fernandez, pro se.