**2003–1333.   In re Dragelevich.**

On July 31, 2003, and pursuant to Gov.Bar R. V(5)(A)(3), the Secretary of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio certified to the Supreme Court a certified copy of a judgment entry of a felony conviction against J. Walter Dragelevich, an attorney licensed to practice law in the state of Ohio.

Upon consideration thereof and pursuant to Gov.Bar R. V(5)(A)(4), it is ordered and decreed that J. Walter Dragelevich, Attorney Registration No. 0019672, last known address in Niles, Ohio, be, and hereby is, suspended from the practice of law for an interim period, effective as of the date of this entry.

IT IS FURTHER ORDERED that this matter be, and is hereby, referred to the Disciplinary Counsel for investigation and commencement of disciplinary proceedings.

IT IS FURTHER ORDERED that respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

IT IS FURTHER ORDERED that, effective immediately, respondent be forbidden to counsel or advise, or prepare legal instruments for others or in any manner perform legal services for others.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1), for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with this and all other orders issued by this court; (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; and (4) this court orders respondent reinstated.

IT IS FURTHER ORDERED, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

IT IS FURTHER ORDERED that on or before 30 days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

2. Regardless of any fees or expenses due respondent deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in respondent's possession or control;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

# KEY NUMBER DIGEST

## APPEAL AND ERROR

### VII. TRANSFER OF CAUSE.

#### (B) PETITION OR PRAYER, ALLOWANCE, AND CERTIFICATE OR AFFIDAVIT.

**⚮366. Certificate as to grounds.**

**Ohio 2003.** Supreme Court had jurisdiction to determine appeal of summary judgment granted to defendants, though one defendant filed certain counterclaims that were never formally adjudicated or dismissed, and judgment did not determine that there was no just reason for delay, where counterclaims sought only the dismissal of plaintiff's complaint and declaratory judgment on matters that were mooted by entry of summary judgment Rules Civ.Proc., Rule 54(B).—Lehtinen v. Drs. Lehtinen, Mervart & West, Inc., 99 Ohio St.3d 69, 788 N.E.2d 1079, 2003-Ohio-2574.

### XVI. REVIEW.

#### (A) SCOPE, STANDARDS, AND EXTENT, IN GENERAL.

**⚮854(2). Review of correct decision based on erroneous reasoning in general.**

**Ohio 2003.** The Supreme Court will not reverse a correct judgment based on an appellate court's erroneous rationale.—State ex rel. Van Dyke v. Pub. Emp. Retirement Bd., 99 Ohio St.3d 430, 793 N.E.2d 438, 2003-Ohio-4123.

#### (H) DISCRETION OF LOWER COURT.

**⚮970(2). Rulings on admissibility of evidence in general.**

**Ohio 2003.** The admission of evidence is within the discretion of the trial court, and the court's decision will be reversed only upon a showing of an abuse of discretion.—State ex rel. Van Dyke v. Pub. Emp. Retirement Bd., 99 Ohio St.3d 430, 793 N.E.2d 438, 2003-Ohio-4123.

### XVII. DETERMINATION AND DISPOSITION OF CAUSE.

#### (F) MANDATE AND PROCEEDINGS IN LOWER COURT.

**⚮1194(1). In general.**

**Ohio 2003.** Trial court's prior remedial order in litigation challenging constitutionality of state's system of funding public education, by which trial court retained jurisdiction and ordered State to prepare report with proposals for compliance with court orders, was inconsistent with Supreme Court's various rulings during the litigation that denied comparable relief, and thus did not authorize trial court's continued jurisdiction to consider plaintiffs' motion for a conference to address the state defendants' compliance with court orders. (Per Lundberg Stratton, J., with one justice concurring and three justices concurring in judgment only.)—State ex rel. State v. Lewis, 99 Ohio St.3d 97, 789 N.E.2d 195, 2003-Ohio-2476.

Following Supreme Court's mandate on appeal that the trial court "carry the judgment into execution," trial court lacked authority to exercise any continued jurisdiction in case challenging constitutionality of state's system of funding public education, and thus could not consider motion for a conference to address State's compliance with court orders, where Supreme Court did not remand the cause for further proceedings. (Per Lundberg Stratton, J., with one justice concurring and three justices concurring in judgment only.) R.C. § 2505.39.—Id.

**⚮1195(3). To what extent applicable in general.**

**Ohio 2003.** Court of Appeals' decision that common pleas court erred in dismissing employee's administrative appeal, seeking village's acceptance of employee's rescission of his resignation, for failure to state a claim did not make final determination as to whether employee was wrongfully terminated from employment as village police sergeant, and thus neither doctrines of law-of-the-case or res judicata applied to entitle him to reinstatement.—State ex rel. Fogle v. Carlisle, 99 Ohio St.3d 46, 788 N.E.2d 1060, 2003-Ohio-2460, reconsideration denied 790 N.E.2d 1220, 99 Ohio St.3d 1457, 2003-Ohio-3514.

## ARBITRATION

### VI. AWARD.

**⚮77(4). Scope of inquiry in general.**

**Ohio 2003.** The public policy favoring arbitration requires that courts have only limited authority to vacate an arbitrator's award.—Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland, 99 Ohio St.3d 476, 793 N.E.2d 484, 2003-Ohio-4278.