DISCIPLINARY COUNSEL *v.* MUHLBACH.

[Cite as *Disciplinary Counsel v. Muhlbach,*
104 Ohio St.3d 340, 2004-Ohio-6563.]

(No. 2004–1394—Submitted October 12, 2004—Decided December 15, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Peter Michael Muhlbach of Parma, Ohio, Attorney Registration No. 0058412, was admitted to the Ohio bar in 1992. In 1998, we suspended respondent's license to practice law for six months, stayed the suspension on condition, and placed him on probation for his failure to cooperate in a disciplinary investigation. *Medina Cty. Bar Assn. v. Muhlbach* (1998), 83 Ohio St.3d 224, 699 N.E.2d 459. The following year, we suspended respondent's license to practice law for one year after he neglected an entrusted matter, failed to carry out an employment contract, and again failed to cooperate with a disciplinary investigation. *Cuyahoga Cty. Bar Assn. v. Muhlbach* (1999), 86 Ohio St.3d 547, 715 N.E.2d 1134. He was reinstated to practice on March 27, 2001. See *Cuyahoga Cty. Bar Assn. v. Muhlbach* (2001), 91 Ohio St.3d 1248, 745 N.E.2d 1043.

{¶ 2} Respondent has now committed additional disciplinary violations. The parties have signed a statement stipulating to the following facts:

{¶ 3} From July 1997 until May 2002, respondent served as a court-appointed custodian for two minor children who were to receive payments from a trust established by the children's grandfather. In July 1997, respondent received two

checks, each in the amount of $18,028.10, representing distributions from the trust to the two minor children. Though respondent properly opened two accounts for the children and deposited the funds into those accounts in August 1997, he issued checks to himself totaling $24,600 from those accounts between September 1997 and July 2000. Most of those funds were converted for respondent's own personal use.

{¶ 4} Throughout much of 2001, the parents of the minor children whose funds respondent was to oversee tried to contact him to obtain an accounting of their children's custodial accounts. In January 2002, respondent admitted to the parents that he had converted the children's money for his own use, and he promised to repay the funds. In May 2002, the Cuyahoga County Probate Court removed respondent as the custodian for the funds.

{¶ 5} In August 2003, respondent entered pleas of no contest to two counts of theft in violation of R.C. 2913.02. Both counts are felonies of the fourth degree, and pursuant to Gov.Bar R. V(5) (interim suspension upon notice of felony conviction), we suspended respondent's law license again on January 2, 2004. See *In re Muhlbach*, 101 Ohio St.3d 1407, 2004–Ohio–11, 800 N.E.2d 1175. Respondent was sentenced to six months in prison—which he has now served—and to five years of community control. He has repaid $1,400 to the parents of the minor children whose trust funds he converted, and he has promised to pay restitution of $23,200 to the Clients' Security Fund.

{¶ 6} Respondent has admitted violations of DR 1–102(A)(3) (barring illegal conduct involving moral turpitude), 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation), 9–102(B)(3) (requiring an attorney to maintain complete records of client funds and to render appropriate accounts to the client regarding those funds), and 9–102(B)(4) (requiring an attorney to promptly pay or deliver funds that a client is entitled to receive).

{¶ 7} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard testimony in June 2004 about respondent's actions. Based on respondent's admissions and on testimony at the hearing, the panel unanimously found that respondent had in fact violated the four cited Disciplinary Rules. Adopting the panel's report, the board likewise found that respondent had violated DR 1–102(A)(3), 1–102(A)(4), 9–102(B)(3), and 9–102(B)(4).

{¶ 8} In recommending a sanction for this misconduct, the panel considered the aggravating and mitigating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The panel noted that respondent had a substantial record of misconduct, BCGD Proc.Reg. 10(B)(1)(a), and had engaged in a pattern of misconduct and multiple offenses by writing numerous checks to himself from the custodial accounts over

the course of three years. BCGD Proc.Reg. 10(B)(1)(c) and (d). Moreover, in committing his crimes, respondent had acted dishonestly and out of self-interest to the significant detriment of particularly vulnerable victims, children. BCGD Proc.Reg. 10(B)(1)(b) and (h).

{¶ 9} The panel also found that respondent did not make full and free disclosure of his wrongdoing during the disciplinary process and that he had not made a good faith effort to pay restitution or to rectify the consequences of his actions. See BCGD Proc.Reg. 10(B)(1)(e) and (i). And though respondent blamed his misconduct on his abuse of alcohol, the panel determined that respondent had failed to demonstrate by competent, credible evidence that any chemical dependency contributed to his misconduct. See BCGD Proc.Reg. 10(B)(2)(g)(ii).

{¶ 10} The panel recommended that respondent be permanently disbarred. The board adopted that recommendation, along with the panel's findings of fact and conclusions of law.

{¶ 11} Upon review, we agree that respondent committed the misconduct found by the board and that disbarment is required. "The presumptive sanction for misappropriation of client funds is disbarment." *Lorain Cty. Bar Assn. v. Fernandez,* 99 Ohio St.3d 426, 2003-Ohio-4078, 793 N.E.2d 434, ¶ 9. And disbarment is also appropriate when an attorney is convicted of theft offenses. See *Cincinnati Bar Assn. v. Blake,* 100 Ohio St.3d 298, 2003-Ohio-5755, 798 N.E.2d 610, ¶ 7. Moreover, disbarment is "[t]he normal penalty for continuing to practice law while under suspension." *Disciplinary Counsel v. Allison,* 98 Ohio St.3d 322, 2003-Ohio-776, 784 N.E.2d 695, ¶ 12.

{¶ 12} "When a lawyer, who has taken responsibility for a client's papers or property, commingles client funds or dissipates that property, that lawyer not only ill serves the client but also contributes to the erosion of public trust in the profession." *Miami Cty. Bar Assn. v. Hallows* (1997), 78 Ohio St.3d 75, 77, 676 N.E.2d 517. Particularly troubling in this case is the years-long period of time during which respondent's deceptive and illegal conduct continued, his commission of some of that misconduct while he was under suspension from the practice of law for other misconduct, and his apparent lack of effort to repay the money that he took from the children's trust accounts.

{¶ 13} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Assistant Disciplinary Counsel, for relator.