DISCIPLINARY COUNSEL *v.* ANDREWS.

[Cite as *Disciplinary Counsel v. Andrews,*

124 Ohio St.3d 523, 2010-Ohio-931.]

*Attorney misconduct — Neglecting entrusted legal matters — Criminal convictions for attempted tampering with evidence and attempted importuning — Indefinite suspension, with no credit for time served under interim suspension.*

(No. 2009-1993 — Submitted December 16, 2009 — Decided March 17, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 05-032.

_____

**Per Curiam.**

{¶ 1} Respondent, John Robert Andrews of West Chester, Ohio, Attorney Registration No. 0006931, was admitted to the practice of law in Ohio in 1980. On August 3, 2006, we suspended respondent's license to practice law on an interim basis, pursuant to Gov.Bar R. V(5)(A)(4), after receiving notice of his felony conviction. *In re Andrews*, 110 Ohio St.3d 1445, 2006-Ohio-3936, 852 N.E.2d 192.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we indefinitely suspend respondent's license to practice, with no credit for time served under his interim suspension, based on findings that he failed to perform his duties as counsel for the board of trustees of a church in a civil action, including failing to respond to filings in that case, and that he was convicted of a felony and a misdemeanor in a criminal case. We accept the board's findings of professional misconduct and the recommendation for the indefinite suspension of respondent's license.

**{¶ 3}**   Relator, Disciplinary Counsel, charged respondent with violations of several Disciplinary Rules of the Code of Professional Responsibility.  In its original complaint, relator charged respondent with two counts of misconduct, the first related to his representation of the church board of trustees in a civil case and the second concerning an indictment that charged him with several criminal offenses.  Relator then granted respondent's unopposed motion for a stay of disciplinary proceedings until the criminal case was resolved.  Following respondent's convictions in the criminal case, relator amended its complaint to reflect the convictions and sentence.

**{¶ 4}**   The parties stipulated to the facts, misconduct, and mitigating factors and jointly recommended that the board impose the sanction of an indefinite suspension, with no credit for time served under the interim suspension. A three-member panel of the board heard the case and recommended that the board adopt the parties' stipulated facts, misconduct, and recommendation.  The board adopted the findings of misconduct and recommended sanction.

**{¶ 5}**   The parties have not objected to the board's report.

### Misconduct

*Count I – Representing the Church Board of Trustees*

**{¶ 6}**   The parties stipulated that in September 2002, the board of trustees of a church initiated a civil action in the Hamilton County Court of Common Pleas.  After being served with the defendants' discovery requests, the board retained respondent to represent it in the matter and paid him $2,500.  Despite respondent's assurance to the board that he would respond to the discovery requests, he never answered defendants' interrogatories and requests for production of documents or requests for admissions.

**{¶ 7}**   Respondent entered an appearance in the case, and he engaged in settlement discussions with the defendants' counsel.  But he did not reply to the defendants' request for a reply to their requests for discovery and to depose the

board's expert. Nor did he respond to the defendants' motions to compel discovery and for summary judgment or inform the board about them. The court scheduled a July 29, 2003 hearing on the defendants' motion for summary judgment.

{¶ 8} Near this time, the defendants made a written settlement offer, which respondent advised the board to accept. After board members accused him of being on the defendants' side, respondent informed several board members that he intended to file a motion to withdraw as the board's counsel in the case. Respondent then filed the motion to withdraw, and the board requested that he provide a full accounting of the retainer and return the case file. Respondent did not reply to the board's request.

{¶ 9} On July 29, 2003, the court held its scheduled hearing on the defendants' motion for summary judgment and respondent's motion to withdraw. The court granted respondent's motion to withdraw as the board's counsel, but denied his motion for a continuance to allow the board to retain new counsel. The court also granted the defendants' motion for summary judgment and ordered the board to pay the defendants $9,208. The board first learned of this motion and the court's decision when it received notice of the court's judgment. The defendants subsequently initiated an action against the board members to recover the judgment and obtained liens on the members' property.

{¶ 10} Shortly after the entry of summary judgment, the board's new attorney filed a motion to set aside the judgment because of respondent's failure to notify the board of the hearing. The court held a hearing on the board's motion, but declined to enter a judgment at that time. Pursuant to a subpoena served on respondent by the board's new attorney, respondent appeared at the hearing with his case file. The board's counsel did not accept respondent's file when he offered to provide it, and later, respondent did not reply to the board's motions to compel him to produce the file. A legal-malpractice action brought by

the board against respondent and his former law firm was later dismissed by a court.

{¶ 11} We accept respondent's admission that in representing the church's board of trustees, he violated DR 1-102(A)(5) (prohibiting a lawyer from engaging in conduct prejudicial to the administration of justice), 2-110(A)(2) (prohibiting a lawyer from improperly withdrawing from employment), 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7-101(A)(1) (prohibiting a lawyer from intentionally failing to seek the lawful objectives of the lawyer's client), 7-101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of professional employment), and 9-102(B)(4) (requiring a lawyer to promptly deliver property in the lawyer's possession that the client is entitled to receive).

*Count II – Criminal Convictions*

{¶ 12} The parties stipulated that on December 15, 2004, the Hamilton County Grand Jury returned a five-count indictment charging respondent with various criminal offenses. The indictment arose from two online conversations respondent had with an adult posing as a 13-year-old girl in which he solicited sexual activity. In April 2006, respondent entered a no-contest plea and was found guilty of attempted tampering with evidence in violation of R.C. 2921.12, a felony of the fourth degree, and attempted importuning in violation of R.C. 2923.02, a misdemeanor of the first degree.

{¶ 13} The common pleas court sentenced respondent to three years of community control and 500 hours of community service and ordered him to pay a $5,000 fine and to register as a sexually oriented offender. On appeal, respondent's convictions and sentence were affirmed. *State v. Andrews*, 171 Ohio App.3d 332, 2007-Ohio-2013, 870 N.E.2d 775, appeal not accepted for review, 115 Ohio St.3d 1412, 2007-Ohio-4884, 873 N.E.2d 1316.

**{¶ 14}** We accept respondent's admission that his criminal conduct violated DR 1-102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (prohibiting a lawyer from engaging in conduct adversely reflecting on the lawyer's fitness to practice law).

### Sanction

**{¶ 15}** When imposing sanctions for attorney misconduct, we weigh evidence of the aggravating and mitigating factors listed in Section 10(B)(1) and (2) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Cleveland Metro. Bar Assn. v. Kaplan*, 124 Ohio St.3d 278, 2010-Ohio-167, 921 N.E.2d 645, ¶ 11.

**{¶ 16}** The board did not cite any aggravating factors.

**{¶ 17}** In mitigation, the board found, as the parties had stipulated, that respondent had no prior disciplinary record and had provided full and free disclosure to the board and cooperated in the disciplinary proceedings. BCGD Proc.Reg. 10(B)(2)(a) and (d).

**{¶ 18}** Although respondent's conduct violated multiple Disciplinary Rules, we are persuaded that the lack of any aggravating factors as well as his lack of a prior disciplinary record and his cooperation in the disciplinary process warrant the recommended sanction of an indefinite suspension with no credit for the time served during his interim suspension. Cf. *Columbus Bar Assn. v. Winkfield*, 107 Ohio St.3d 360, 2006-Ohio-6, 839 N.E.2d 924 (court indefinitely suspended attorney from the practice of law for misconduct that included violations of DR 1-102(A)(3), (5), and (6), 2-110(A)(2), 6-101(A)(3), 7-101(A)(1) and (2), and 9-102(B)(4)).

**{¶ 19}** Therefore, we adopt the recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law with no

credit for time served under his interim suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

John Robert Andrews, pro se.

_____