DISCIPLINARY COUNSEL *v.* BRICKLEY.

[Cite as *Disciplinary Counsel v. Brickley,* 131 Ohio St.3d 228, 2012-Ohio-872.]

*Attorneys—Misconduct—Convictions of felony theft involving client funds—*
*Illegal acts reflecting adversely on lawyer's honesty—Conduct involving*
*deceit or dishonesty—Conduct adversely reflecting on fitness to practice*
*law—Permanent disbarment.*

(No. 2011-1728—Submitted December 7, 2011—Decided March 6, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 10-080.

_____

**Per Curiam**.

{¶ 1} Respondent, Barry Frederick Brickley, Attorney Registration No. 0011435, whose address of record is in Mansfield, Ohio, was admitted to the practice of law in Ohio in 1984. We indefinitely suspended his license in December 2002, and it has not been reinstated. *Richland Cty. Bar Assn. v. Brickley*, 97 Ohio St.3d 285, 2002-Ohio-6416, 779 N.E.2d 750.

{¶ 2} On August 16, 2010, relator, disciplinary counsel, filed a complaint alleging that between February and September 2006, while working as a paralegal for a Mansfield attorney, Brickley wrote seven checks to himself from the attorney's client trust account without authorization and deposited them into his personal bank account.

{¶ 3} His actions were not detected until December 2008. Brickley pleaded no contest to felony counts of theft, forgery, and receiving stolen property and was accepted into the Richland County prosecuting attorney's diversion program. Based upon this conduct, relator alleged that Brickley had violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that

reflects adversely on the lawyer's honesty or trustworthiness), (c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and (h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 4} Before filing the complaint, relator sent two letters of inquiry to Brickley, one at the address listed in his attorney registration and another at an alternate Mansfield address. Both letters were returned, but one bore a forwarding address in Savannah, Georgia. A third letter was sent to the Georgia address and was signed for by a Jo Ann Wohlert. A fourth letter was hand-delivered to Brickley at the Richland County Jail, but he did not respond to either inquiry. A letter informing Brickley that the investigation had terminated with a finding of probable cause was not returned to relator, nor was the notice of intent to file a complaint, although the latter was signed for by someone whose signature is illegible. Brickley did not respond to either letter. The complaint was served by certified mail at the Savannah, Georgia address provided by the postal service, but Brickley has not filed an answer. Therefore, on December 23, 2010, relator filed a motion for default.

{¶ 5} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline considered relator's motion and supporting evidence in compliance with Gov.Bar R. V(6)(F)(1)(b) (requiring default motions in attorney disciplinary proceedings to be supported by sworn or certified documentary prima facie evidence). The master commissioner found by clear and convincing evidence that Brickley had violated Prof.Cond.R. 8.4(b), (c), and (h), as alleged in relator's complaint. The board adopted the master commissioner's findings of fact and misconduct.

{¶ 6} In recommending a sanction, the master commissioner and board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *See Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875

N.E.2d 935, ¶ 21. As aggravating factors, the master commissioner found that Brickley had a prior disciplinary record, engaged in a pattern of misconduct involving multiple offenses, and failed to cooperate in the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(a), (c), (d), and (e). The sole mitigating factor was that as of December 13, 2010, Brickley had been making restitution payments as part of his diversion program.

{¶ 7} The master commissioner acknowledged that Brickley had been indefinitely suspended from the practice of law and was working as a paralegal when he committed his misconduct, and therefore could not have had clients of his own. Nonetheless, he equated Brickley's theft with the misappropriation of client funds because the funds came from the client trust account of the attorney who employed him. Observing that disbarment is the presumptive sanction for the misappropriation of client funds, *Cleveland Bar Assn. v. Dixon*, 95 Ohio St.3d 490, 2002-Ohio-2490, 769 N.E.2d 816, ¶ 15, and is an appropriate sanction when an attorney is convicted of theft offenses, *Disciplinary Counsel v. Muhlbach*, 104 Ohio St.3d 340, 2004-Ohio-6563, 819 N.E.2d 698, ¶ 11, the master commissioner recommended that Brickley be permanently disbarred. The board adopted the master commissioner's findings of fact and misconduct, as well as his recommended sanction.

{¶ 8} Accordingly, we permanently disbar Barry Frederick Brickley from the practice of law in Ohio. Costs are taxed to Brickley.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather Coglianese, Assistant Disciplinary Counsel, for relator.

_____