Lanzinger, J.,
dissenting.
*135 {¶ 20} I respectfully dissent and would hold that Anthony should be permanently disbarred, to be consistent with our recent disbarment of the attorney in Stark Cty. Bar Assn. v. Williams, 137 Ohio St.3d 112, 2013-Ohio-4006, 998 N.E.2d 427.
{¶ 21} The majority suggests that this case is “factually distinguishable,” majority opinion at ¶ 16, from a disciplinary case in which a woman was disbarred even though she claimed that she had an uncontrollable gambling problem and presented the testimony of three professionals who opined that she could successfully return to the practice of law after treatment. The majority emphasizes that Williams had violated terms of her community control by continuing to gamble, apparently taking as fact Anthony’s claim that he has not gambled since 2007. And while it is true that Anthony’s period of community control was terminated, this termination occurred because he convinced the court that he should not be ordered to pay restitution covered through the church’s insurance.
{¶ 22} Williams is instructive rather than distinguishable, setting forth the appropriate standard for discipline in these cases:
‘We have consistently recognized that the presumptive disciplinary sanction for misappropriation of client funds is disbarment.” Disciplinary Counsel v. Longino, 128 Ohio St.3d 426, 2011-Ohio-1524, 945 N.E.2d 1040, ¶ 39; see also Disciplinary Counsel v. Wickerham, 132 Ohio St.3d 205, 2012-Ohio-2580, 970 N.E.2d 932, ¶ 16 (“The presumptive disciplinary sanction for a pattern of misconduct involving dishonesty, misappropriation, and lack of cooperation in disciplinary proceedings is disbarment”). In addition, disbarment is “an appropriate sanction when an attorney is convicted of theft offenses.” Disciplinary Counsel v. Brickley, 131 Ohio St.3d 228, 2012-Ohio-872, 963 N.E.2d 818, ¶ 7.
Id. at ¶ 24.
{¶ 23} The board had found four mitigating factors in Williams: the absence of a prior disciplinary record, good character or reputation, imposition of other penalties, and Williams’s acknowledgment of the wrongfulness of her actions. But we unanimously rejected the board’s recommendation of indefinite suspension, stating:
“ ‘The continuing public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases.’ ” Disciplinary Counsel v. Kelly, 121 Ohio St.3d 39, 2009-Ohio-317, 901 N.E.2d 798, ¶ 17, quoting Cleveland Bar Assn. v. Belock, 82 Ohio St.3d *136 98, 100, 694 N.E.2d 897 (1998). For this reason, disbarment is the “starting point for determining the required sanction.” Id. Contrary to the board’s recommendation, none of the mitigating factors here warrant straying from this starting point.
Karen H. Osmond, Assistant Disciplinary Counsel, for relator.
James T. Ambrose, for respondent.
Id. at ¶ 29.
{¶ 24} Thus, we made a strong statement in Williams, and we explained to attorneys and the public at large what requires the “strictest discipline.” This is not a case in which to back away from that pronouncement. For over four years, Anthony embezzled more than $100,000 from the church at which he was employed. I do not believe that the mitigating factors warrant a departure from the sanction of disbarment.
O’Connor, C.J., and French, J., concur in the foregoing opinion.