[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Schwarz*, Slip Opinion No. 2020-Ohio-1542.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1542

DISCIPLINARY COUNSEL *v.* SCHWARZ.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Schwarz*, Slip Opinion No. 2020-Ohio-1542.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Indefinite suspension.*

(No. 2019-1738—Submitted January 29, 2020—Decided April 22, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-033.

_____

**Per Curiam.**

{¶ 1} Respondent, Harold McClure Schwarz III, of Akron, Ohio, Attorney Registration No. 0078072, was admitted to the practice of law in Ohio in 2004. On March 22, 2019, we suspended his license on an interim basis after receiving notice that he had been convicted of importuning in violation of R.C. 2907.07, a fifth-

degree felony. *See In re Schwarz*, 156 Ohio St.3d 1272, 2019-Ohio-972, 126 N.E.3d 1197.

{¶ 2} In June 2019, relator, disciplinary counsel, charged Schwarz with violating the Rules of Professional Conduct based on the facts that led to his felony conviction. Schwarz stipulated to the charged misconduct, and the parties jointly recommended that he serve an indefinite suspension, with no credit for the time he has served under his interim felony suspension. After a hearing before a three-member panel of the Board of Professional Conduct, the board issued a report finding that Schwarz had engaged in the stipulated misconduct and recommending that we adopt the parties' proposed sanction. The board also recommends that we condition Schwarz's future reinstatement on his compliance with the terms of his probation and with the contract he entered into with the Ohio Lawyers Assistance Program ("OLAP"). Neither party has objected to the board's report.

{¶ 3} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 4} In October 2018, a Portage County grand jury charged Schwarz in a two-count indictment with importuning in violation of R.C. 2907.07, a fifth-degree felony, and attempted unlawful sexual conduct with a minor in violation of R.C. 2923.02 and 2907.04, a fourth-degree felony. Count one of the indictment alleged that Schwarz solicited an undercover law-enforcement officer who was posing as a 15-year-old male and that Schwarz either believed the male was between the ages of 13 and 15 or was reckless in that regard. Count two of the indictment alleged that Schwarz attempted to engage in sexual conduct with "John Doe," the undercover law-enforcement officer, who Schwarz believed was 15 years old. In February 2019, Schwarz pleaded guilty to count one and the state dismissed count two.

{¶ 5} In June 2019, the Portage County Court of Common Pleas designated Schwarz a Tier I sex offender and sentenced him to three years of community control, with one year under intensive supervised probation followed by two years under general supervision. The court also ordered that he undergo a mental-health and sexual-offender evaluation, follow all recommendations resulting from that evaluation, and maintain full-time employment throughout the period of his probation.

{¶ 6} At his disciplinary hearing, Schwarz admitted that through an application on his mobile phone, he had exchanged sexually charged text messages with a person he believed was a minor—but who was actually an undercover law-enforcement officer—and had also arranged to meet the person at a restaurant. The parties stipulated and the board found that by soliciting the undercover officer posing as a 15-year-old male, Schwarz violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). The board expressly found that Schwarz's misconduct was sufficiently egregious to warrant finding a separate violation of Prof.Cond.R. 8.4(h). *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21.

{¶ 7} We agree with the board's findings of misconduct.

## Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 9} As aggravating factors, the board found that Schwarz had acted with a dishonest or selfish motive and that his conduct, although unsuccessful, was directed at a vulnerable teenaged victim. *See* Gov.Bar R. V(13)(B)(2) and (8). The

board also noted that Schwarz did not appear to express remorse and that he did not appear to understand the gravity of his offense, the vulnerable nature of minors, or the potential adverse consequences to them as a result of solicitation offenses. *See* Gov.Bar R. V(13)(B)(7).

{¶ 10} As for mitigation, the board found that Schwarz has a clean disciplinary record, he had exhibited a cooperative attitude toward the disciplinary proceedings, he had presented evidence of his good character and reputation, other penalties or sanctions have been imposed for the same misconduct, and he had presented evidence of other interim rehabilitation. *See* Gov.Bar R. V(13)(C)(1), (4), (5), (6), and (8). Regarding the other rehabilitation, the board noted that a week after his arrest, Schwarz began working with a clinical psychologist and that he signed an OLAP contract on August 1, 2019, and was in compliance with it.

{¶ 11} To support the recommended sanction, the parties and the board cited *Disciplinary Counsel v. Goldblatt*, 118 Ohio St.3d 310, 2008-Ohio-2458, 888 N.E.2d 1091, in which we indefinitely suspended an attorney who had attempted to arrange a sexual encounter with a minor. We held that "[w]hen a lawyer engages in or attempts to engage in sexually motivated conduct with an underage victim, an indefinite suspension of the lawyer's license to practice is appropriate" and that "lawyers convicted of felonies stemming from such conduct cannot expect to receive credit for an interim [felony] suspension." *Id.* at ¶ 18; *see also Disciplinary Counsel v. Andrews*, 124 Ohio St.3d 523, 2010-Ohio-931, 924 N.E.2d 829 (indefinitely suspending an attorney, giving no credit for time served under an interim felony suspension, for misconduct that included soliciting sexual activity from an adult posing as a 13-year-old female).

{¶ 12} In accordance with *Goldblatt*, we adopt the recommended sanction. Schwarz's fitness to practice law has been severely undermined by his criminal conduct, and "an indefinite suspension will help protect the public, deter other

lawyers from similar wrongdoing, and preserve the public's trust in the legal profession." *Goldblatt* at ¶ 30.

### Conclusion

{¶ 13} Harold McClure Schwarz III is hereby indefinitely suspended from the practice of law in the state of Ohio, with no credit for the time he has served under his interim felony suspension imposed on March 22, 2019. In addition to his meeting the requirements of Gov.Bar R. V(25), Schwarz's reinstatement shall be conditioned on his demonstrating that he has complied with (1) the terms of the probation imposed in his criminal case and (2) his August 1, 2019 OLAP contract. Costs are taxed to Schwarz.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, for relator.

Crabbe, Brown & James, L.L.P., Larry H. James, and Rachel A. Rinehardt, for respondent.

_____