**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Cosgrove*, **Slip Opinion No. 2021-Ohio-2188.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2188

DISCIPLINARY COUNSEL *v*. COSGROVE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Cosgrove*, Slip Opinion No. 2021-Ohio-2188.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Attempted unlawful sexual conduct with a minor—Indefinite suspension with no credit for time served under interim felony suspension.*

(No. 2021-0208—Submitted March 31, 2021—Decided June 30, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-044.

_____

**Per Curiam.**

{¶ 1} Respondent, Michael Francis Cosgrove, of Cleveland Heights, Ohio, Attorney Registration No. 0072795, was admitted to the practice of law in Ohio in 2000.  On July 9, 2019, we suspended him from the practice of law on an interim basis following his conviction on a fourth-degree-felony count of attempted

unlawful sexual conduct with a minor. *In re Cosgrove*, 156 Ohio St.3d 1350, 2019-Ohio-2802, 130 N.E.3d 316.

{¶ 2} In an August 11, 2020 complaint, relator, disciplinary counsel, alleged that the conduct underlying Cosgrove's criminal conviction constitutes an illegal act that adversely reflects on his honesty, trustworthiness, and fitness to practice law.

{¶ 3} The parties submitted stipulations of fact and misconduct and agreed that Cosgrove should be indefinitely suspended from the practice of law. After considering those stipulations and 12 stipulated exhibits and hearing Cosgrove's testimony, a three-member panel of the Board of Professional Conduct issued a report finding that he had committed the charged misconduct and recommending that he be indefinitely suspended from the practice of law with no credit for the time served under his interim suspension. The board adopted the findings and recommendation of the panel, and no objections have been filed.

{¶ 4} We adopt the board's findings of misconduct and recommended sanction.

### Stipulated Facts and Misconduct

{¶ 5} In November 2018, Cosgrove entered an online chatroom and began a conversation with someone he believed to be a 15-year-old girl. During that conversation, he discussed sexual matters, solicited the person he believed to be a minor to participate in sexual activity, and made arrangements to meet with the person. After the conversation ended, Cosgrove drove to a park where he had arranged to meet with the person he believed to be a minor and discovered that he had been communicating with a law-enforcement officer who was posing as a 15-year-old girl. Cosgrove was arrested and later indicted on charges of attempted unlawful sexual conduct with a minor, importuning, and possession of criminal tools.

{¶ 6} In April 2019, in the Cuyahoga County Court of Common Pleas, Cosgrove pleaded guilty to attempted unlawful sexual contact with a minor. The state dismissed the remaining charges. On May 30, 2019, the court found Cosgrove to be a Tier II sex offender and ordered him to forfeit his iPhone and submit a DNA specimen. The court then sentenced him to a two-year term of community control that required him to (1) abide by all rules of the probation department, (2) report as directed by his probation officer, (3) submit to a sex-offender assessment, (4) successfully complete sex-offender counseling, (5) submit to polygraph examinations, (6) comply with all recommendations of his treatment team, and (7) submit to random drug testing. In addition, the court ordered Cosgrove to be screened for placement into the NorthWest Community Corrections Center and, if eligible, to complete the community-based correctional-facility program. Further, he was ordered to continue treatment and follow all aftercare recommendations upon his release. At his disciplinary hearing, Cosgrove testified that he ultimately served 60 days in the community-based correctional-facility program.

{¶ 7} The parties stipulated and the board found that Cosgrove's conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We accept these findings and agree that Cosgrove's conduct was sufficiently egregious to constitute a separate violation of Prof.Cond.R. 8.4(h). *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21.

**Sanction**

{¶ 8} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the

aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 9} As aggravating factors, the parties and the board cited Cosgrove's dishonest and selfish motive and the vulnerability of his intended victim. *See* Gov.Bar R. V(13)(B)(2) and (8). As for mitigating factors, the board concurred with the parties' stipulations that Cosgrove (1) does not have a history of prior discipline, (2) made full and free disclosure to the board and demonstrated a cooperative attitude toward the disciplinary proceedings, (3) submitted evidence of his good character and reputation, (4) established the existence of a qualifying mental disorder, and (5) participated in other interim rehabilitation. *See* Gov.Bar R. V(13)(C)(1), (4), (5), (7), and (8). In addition to completing his community-based correctional-facility program, Cosgrove entered into a three-year contract with the Ohio Lawyers Assistance Program and was in full compliance with that contract near the time of his disciplinary hearing.

{¶ 10} The board recommends that we adopt the parties' stipulated sanction of an indefinite suspension with no credit for time Cosgrove has served under his interim felony suspension. In support of that sanction, the board cites three cases in which we have imposed the same sanction on other attorneys convicted of similar crimes for attempting to arrange sexual encounters with minors. *See Disciplinary Counsel v. Schwarz*, 160 Ohio St.3d 194, 2020-Ohio-1542, 155 N.E.3d 830 (attorney convicted of importuning for exchanging sexually charged text messages and attempting to meet with an undercover law-enforcement officer posing as a 15-year-old boy); *Disciplinary Counsel v. Goldblatt*, 118 Ohio St.3d 310, 2008-Ohio-2458, 888 N.E.2d 1091 (attorney convicted of compelling prostitution and possessing criminal tools after he attempted to arrange a sexual encounter with an undercover FBI agent posing as a pimp who promised to procure the attorney an underage girl in exchange for $200); and *Disciplinary Counsel v. Andrews*, 124 Ohio St.3d 523, 2010-Ohio-

931, 924 N.E.2d 829 (attorney convicted of attempted tampering with evidence and a misdemeanor count of attempted importuning after he engaged in online conversations soliciting sexual activity from an adult posing as a 13-year-old girl).

{¶ 11} After independently reviewing the record in this case, we adopt the board's findings of misconduct and agree that an indefinite suspension with no credit for time served under our interim suspension order is the appropriate sanction in this case. As we stated in *Schwarz* and *Goldblatt*, " 'an indefinite suspension will help protect the public, deter other lawyers from similar wrongdoing, and preserve the public's trust in the legal profession.' " *Schwarz* at ¶ 12, quoting *Goldblatt* at ¶ 30.

{¶ 12} The board also recommends that we condition Cosgrove's reinstatement to the practice of law on proof that he is in compliance with the terms of his court-ordered community control. However, we find that this condition is subsumed into Gov.Bar R. V(25)(D)(2), which requires an attorney seeking reinstatement to the practice of law prior to completing a term of probation, community control, intervention in lieu of conviction, or any sanction imposed as part of a sentence for a felony conviction to submit a petition that includes (1) an affidavit from the trial judge as evidence that the attorney is in compliance with all terms and conditions of any criminal sanctions, to include community control, and (2) facts to establish by clear and convincing evidence that the attorney should be reinstated to the practice of law while subject to any of those sanctions.

## Conclusion

{¶ 13} Accordingly, Michael Francis Cosgrove is indefinitely suspended from the practice of law in Ohio with no credit for the time served under the interim felony suspension imposed on July 9, 2019. Costs are taxed to Cosgrove.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DeWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Audrey E. Varwig, Assistant Disciplinary Counsel, for relator.

Michael Francis Cosgrove, pro se.

_____